*Addison*,
January,
1797.

## HALE *vs.* GRISWOLD.

The Judges of a County Court, on application of a defendant, may, in their dis-
cretion, in cases not provided for by the statute, set aside a judgment rendered
on default, on such conditions to be performed by the defendant, as they shall
in their discretion prescribe, such as payment of costs to the plaintiff, or waiv-
ing some advantage which he may have of the plaintiff in the case, and such
proceeding cannot be re-examined in this Court, on writ of Error.

But if in granting this favour to the defendant, the Court order the plaintiff to en-
ter his action anew, and on his refusal to pay to the Court, fees for such entry,
order a non suit, it is Error, and the judgment will be reversed.

HALE, the plaintiff in Error, brought his action against Gris-
wold on a promissory note, before the County Court in Addison
County, at the September term, 1794. The cause was continued,
and at March term, 1795, the plaintiff recovered a judgment on a
trial by Jury. The defendant reviewed, and the cause was contin-
ued to March term, 1796, at which term the plaintiff obtained a
judgment by default. On the third day of the same term, the de-
fendant appeared in Court, and prayed that the default might be
erased, which the Court ordered, on the payment of costs to the
plaintiff. The costs were paid, and the record proceeds—" The
plaintiff being required by the Court, to enter his said action anew,
which he refused, the Court do therefore consider that the plaintiff
be non-suited in this cause, for want of entering fees being paid
anew, and that the defendant recover of the plaintiff, &c"

Whereupon, the plaintiff brought this writ of Error, and assigned
the general Error, that judgment was rendered for the defendant,
whereas it ought to have been rendered for the plaintiff, &c.

Plea—*That there is no Error, &c.*

D. *Chipman*, for the plaintiff, contended that although the Court
below, might, under the circumstances, have had a discretionary
power to erase the default in this cause, which could not be examin-
ed into on a writ of Error, yet they had no right to order the plain-
tiff to pay entering fees anew—that the default could not have been
erased under the statute, for that extends only to a default for non-
appearance on the first day of the term, to which the writ was re-
turnable. There was no pretence, therefore, that the law authori-
sed this requisition upon the plaintiff. That the demand of enter-
ing fees was illegal—the defendant was not bound to pay them, and

*Addison,*
January,
1797.

Hale
*vs.*
Griswold.

the Court had no right to non-suit him for non-payment. That this was not a non-suit in the common course of business; and the ground of the non-suit appearing on the record, and clearly appearing to be illegal, the judgment ought to be reversed.

*Marsh,* for the defendant, contended that the Judges of the County Court had the power and the right to regulate the practice of the Court, and to make general and particular rules for that purpose.— That this was a case within the regulation of practice, and the Judges had a right to render judgment, by non-suit or default, against a party refusing to comply with their rules.—That this was a matter of discretion in the Court below, and cannot be re-examined on a writ of Error.

CHIPMAN, Ch. J. The default was not erased in this case, by authority of the statute regulating civil process. That extends, as was observed, only to a default for non-appearance of the defendant on the first day of the term to which the writ is returnable.

The Judges have, certainly, a discretionary power to set aside a judgment rendered on default, if they shall be convinced, that under the circumstances, the defendant is equitably entitled to relief This is a favour to the defendant, and may be granted on condition that he pays cost to the plaintiff, or, that he waive some advantage which he might otherwise have of the plaintiff.

But I am clear, that in such case, the Judges can have no power to order the plaintiff to pay any additional fees, as a condition of his proceeding in the cause after the erasure of the default. The law allows no such fees to be paid a second time, unless where the default is set aside under the statute as just mentioned.

The Judges may not, either of right, or in their discretion, demand or receive of any party, greater fees than are by law allowed. All rules, in the regulation of practice, which should give them greater, or other fees than are allowed by law, would be illegal and void. To refuse justice to a party, or to render judgment against him, for a refusal to pay fees illegally demanded, is certainly wrong. It may be a wrong of the Judges, but a party taking a judgment, always takes it at his peril.

The setting aside of the default in this case was a matter in the discretion of the Judges, which cannot be re-examined in this Court on Error. But the judgment of non-suit being entered, not in the

common course, for default of the plaintiff's appearance, or, for non-compliance with any legal rule, but on a ground manifestly illegal, and that illegal ground of the judgment appearing in the record, I am clearly of opinion that it is matter of Error and proper to be examined in this Court.

*Addison,*
*January,*
*1797.*

Hale
*vs.*
Griswold.

The other Judges concurred.

Judgment of the County Court reversed.