JAMES SCOTT vs. RUSSELL STEWART.

That any County Court has jurisdiction over a motion or petition to set aside a judgement, rendered by default before such Court, notwithstanding the late statute, carrying petitions for *new trials* to the Supreme Court.

This was a petition to set aside a judgment obtained by default, through some mistake, as the petitioner contends, and to lay the cause open for a trial. The judgment was rendered in the County Court, and this petition was presented to the same Court, at a subsequent term, with a regular citation to, and service upon, the opposite party. The petitionee filed a motion to dismiss the petition on the ground, that the County Court has no jurisdiction of such a petition; but that the Supreme Court has exclusive jurisdiction, by virtue of the 17th Sec. of the Statute of 1825. The County Court overruled this motion to dismiss, and proceeded to examine the merits, and did set aside the judgment and open the cause for a new trial.— The petitionee filed his exception to this decision, upon which the cause came to this Court for a rehearing upon that question of jurisdiction.

The Counsel for the petitionee have now contended before this Court,

1st. That County Courts have not original jurisdiction of petitions for a new trial; it being given exclusively to the Supreme Court by a statute of 1825, page 6, sec. 17.

2d. The facts set forth in the petition do not disclose sufficient reasons for granting a new trial. *County of Essex* vs. *Berry*, 2 Vt. Rep. 161. The Court in that case adopted the language of Gross, J., *Marriott* vs. *Hampton*, 7 D. & E. 265 and say, "*It would tend to encourage the greatest negligence, if we were to open the door to parties, to try their causes again, because they were not properly prepared the first time.*" And in *Bateman* vs. *Willoe*, 1 Sch. & Lef. Lord Redesdale said " A bill for a new trial was watched by equity with extreme jealousy; and it must see that injustice has been done, *not merely through the inattention of parties.*"

*Argument for petitioner.*—The only question in this case is, had the County Court jurisdiction? And the defendant, to take away the jurisdiction of the County Court, relies

8

Franklin,
January,
1833.

Scott
vs.
Stewart.

on the 17th section of the act of 1825; where it is enacted " That all petitions for new trials, in causes tried before any County Court, shall be presented to, and determined by, the Supreme Court in the same County, where such cause shall have been tried."

This act was not intended to abridge generally the common law right of the County Courts, confirmed by statute, to grant new trials; but to extend the jurisdiction of the Supreme Court to causes tried in the County Court; leaving the general jurisdiction of the County Court to set aside their judgements, rendered through inadvertence, or when there was a want of proper notice, unimpaired. 2 Sellon 357, Compiled Stat. 88, 3 Black. Com. 387, 1 Sellon 482, 374.

The petition is not for relief from a judgement in a cause *tried* in the County Court; but from a judgement rendered on default, through mistake and surprise. Trial is the very thing sought for by the petitioner. His case is not therefore, on any construction, within the letter or spirit of the act of 1825.

Hutchinson, C. J.—We might dispose of this question by merely observing, that the County Court granted the prayer of the petitioner, and the original action is now pending before the County Court, and ought not to have been brought before this Court, till wholly disposed of there; when all the exceptions, taken to the decisions of the County Court, might come up together. But we are disposed to decide the question of jurisdiction, which has been presented and argued.

There is a material difference between trials and defaults; and there are appropriate terms, known in law, applicable to each. A motion or petition for a new trial technically appertains to a case, that has been tried by the jury, or at least a trial of the facts. Perhaps the issue being joined to, and tried by the Court, under our statute, would be as if tried by the jury, in this respect. A motion or petition to set aside a judgement, or set aside a default is applicable to the many cases, that happen, through fraud, accident, or mistake.

Before the Statute of 1825, a statute provided for the

FRANKLIN,
January,
1833.

Scott
vs.
Stewart.

granting of new trials by the same Court, that rendered judgement, either on motion the same term, or on petition at a subsequent term. Those provisions were applied indiscriminately to judgements rendered on trial, or by default.

In 1825, when all jury trials and issues of fact were in future confined to the County Courts, the Statute cited, made provision, that the party wishing for a *new trial* should not be confined to a hearing before that Court, which had once decided against him; but might and must call the opposite party before a different tribunal.— The wording of the 17th section cited, shows this. All petitions for *new trials* in causes *tried* before any County Court, shall be presented to the Supreme Court &c., in the same County where such action shall have been *tried.* The language of this statute and the occasion of its passing, show it to be not intended for those cases, where judgement may have been rendered by a County Court by default, said Court then knowing nothing about those facts, which are afterwards urged as a reason for setting aside the judgement.

Cases have been carried before the Supreme Court like this, and heard upon the merits, and the judgements set aside, and the causes sent to the County Court for a trial upon the merits, and the attention of this Court never called to this question of jurisdiction. But we are now fully satisfied, that the jurisdiction of such petitions belongs to the County Courts, and their judgment upon this motion to dismiss, is affirmed.

*H. E. Hubbell,* for petitionee.

*Shelden, Smalley & Adams,* for petitioner.