## ADAMS & ADAMS v. SOLOMON HOWARD.

The supreme court have not jurisdiction of a petition to set aside a default entered in the county court.

The statute, authorizing the supreme court to grant a *new trial* on petition, does not extend to a judgment rendered on default.

It is incident to the power of a court to set aside a default, at the time when it is entered, or at a subsequent time, on sufficient reasons.

The facts in this case appear in the opinion of the court, which was delivered by

WILLIAMS, Ch. J.—This is an application for a new trial in a case where the judgment in the county court was rendered by default. The decision in the case of *Scott* v. *Stewart,* 5 Vt. R. 57, is an authority against the jurisdiction of this court in this case, although that decision was made previous to the passage of the present statute. The statute now in force is similar to the statute of 1810, in relation to new trials, and applies only to those cases where a trial has been had. It requires the petition to be brought within one year, if the reasons assigned be matter of law, and two years, if the reasons assigned be the discovery of new evidence; evidently having reference to a case where a trial has been had. A default is not a trial, and it sometimes happens in consequence of some mistake of the party, or it is sometimes

ordered for not complying with some rule of the court. The power to set aside a default, on application, either at the term in which it is entered, or at a subsequent time, on petition and citation, is incident to the court where the default is entered, and is addressed solely to the discretion of the same court. The jurisdiction over such petitions is not given by statute to the supreme court, and it would be very inconvenient that it should be so. The reasons which would induce a county court either to permit or order a default, could not well be reexamined in the supreme court. We are satisfied that the decision in the case of *Scott* v. *Stewart* must govern the case. The petition is therefore dismissed with costs.