## CALVIN PERRY, NORMAN L. WHITTEMORE AND THOMAS MOTT *v.* OLIVE WARD.

*Audita querela* will not lie to set aside an execution, issued on a judgment rendered by the county court, when the only grounds of complaint are, that the judgment was rendered by default, in an action on note, and the plaintiff had neglected to indorse upon the note certain payments, which the complainants had made, but took judgment for the face of the note, without deducting any payments, and that the clerk, in making up the judgment, had made an error in the computation of interest, whereby execution had issued for a larger sum than actually appeared due upon the note.

Perry et al. *v.* Ward.

When the county court determine, that a writ of *audita querela* was brought for delay, they have power, under the statute, to award to the defendant twelve *per cent.* interest on his judgment, as damages, and double costs.

Such determination is one resting in the discretion of the county court, and cannot be revised by the supreme court on exceptions.

AUDITA QUERELA, brought to set aside an execution issued upon a judgment rendered by the county court. The grounds of complaint, as set forth in the declaration, were, that the original action in the county court, in favor of the present defendant against these complainants, was an action upon note, that judgment was rendered upon *nil dicit,* that the complainants had made certain payments upon the note, which the defendant had never indorsed, that the defendant caused the damages to be made up, without making any deduction for payment, and also, that the clerk, in making up the judgment, had made an error in the computation of interest, to the amount of $3,65, whereby he had issued execution for a greater amount of damages than the amount actually appearing due upon the face of the note; and the complainants averred, that their property had been levied upon, and was about to be sold to satisfy the execution. The defendant filed a general demurrer.

The county court,—BENNETT, J., presiding,—decided that the complaint was insufficient, and, being of opinion that the complaint was brought for the purpose of delay, they awarded to the defendant twelve *per cent.* interest upon the amount of her execution, as damages, and double costs.* Exceptions by plaintiffs.

*O. Stevens,* for defendant, cited *Barret* v. *Vaughn,* 6 Vt. 243, *Staniford* v. *Barry,* 1 Aik. 321, *Smith* v. *Rix,* 9 Vt. 240, and *Weeks* v. *Lawrence,* 1 Vt. 433.

---

*Rev. St., c. 37, sect. 11. " When any writ of error or writ of *audita que-rela* shall be determined, if the court, by which the same is decided, shall be of opinion that the same was brought for the purpose of delaying the collection of an execution, they shall award to the original creditor twelve *per cent.* interest on the original debt, together with double costs."

Perry et al. *v.* Ward.

*D. A. Smalley*, for plaintiffs, cited *Weed* v. *Nutting*, Brayt. 28, *Weeks* v. *Lawrence*, 1 Vt. 433, *Campbell* v. *Patterson*, 7 Vt. 86, and distinguished this case from that of *Dodge* v. *Hubbell*, 1 Vt. 491, and *Foster* v. *Stearns*, 3 Vt. 322.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The writ, in this case, was a writ of *audita querela*, brought obviously for delay, and presented no ground of complaint whatever.   The execution in favor of Mrs. Ward against Perry and others was superseded.   The writ was returned and has gone through all the regular law delay, by review and exceptions, to this time.   The county court adjudged, that it was brought for delay, and, in pursuance of the direction of the statute, awarded to the defendant twelve *per cent.* interest and double cost.   If it was in the power of the county court to make this award, their decision could not be re-examined here ; as it was in their discretion to determine whether the writ was brought for delay, and if so, whether twelve or six *per cent.* damages should be allowed, and whether single or double costs should be awarded.

The statute requires the court to make such a determination, when the writ is brought for delay only.   It is copied from the statute of 1809, and although it is true, that, when the statute of 1809 was passed, interest was not collectable on executions, yet, when it was re-enacted in the Revised Statutes, after the law was passed giving interest on executions, we have no doubt it was intended, that the court might award the interest at twelve *per cent.* and double cost, as before.

Whether the creditor will, in addition to the twelve *per cent.*, be justified in collecting interest on her execution can be determined, when that question arises.   If the complainants in the *audita querela* shall pay and satisfy the original judgment rendered against them, together with the judgment now rendered, and Mrs. Ward should still claim any farther sum as interest, she may encounter another *audita querela*, in which it can be determined, whether she is so entitled, or not.

The judgment of the county court is affirmed.