Mosseaux *v.* Brigham.

---

## THEOPHILUS MOSSEAUX *v.* CHARLES BRIGHAM.

The supreme court cannot, on exceptions, review any matter within the discretion of the county court.

Although it is a general rule, that a record of court imports absolute verity and cannot be contradicted by parol evidence, yet this rule does not forbid the exercise of a revisory power, by a court of general jurisdiction, over its own records.

This power is incident to the county court, in this state, as well as to the supreme court, and is properly exercised, when a judgment by default has been entered by mistake, or fraud.

But the revisory power of a justice of the peace has always been understood to be terminated by the expiration of two hours after the rendition of his judgment.

The effect of the statute,—Rev. St. c. 33, § 8,—giving the county court authority, in their discretion, to set aside a judgment rendered by a justice of the peace by default, when the party has been deprived of his day in court by fraud, accident, or mistake, is to give to the county court the same power, in examining the proceedings of a justice, in cases within the statute, which they might exercise in examining their own proceedings.

58

Mosseaux *v.* Brigham.

In this case judgment was rendered by a justice of the peace by default, and the justice certified in his record, that notice to the defendant of the pendency of the suit was proved ; but it was held, that the defendant, on petition to the county court, founded upon the Revised Statutes, chap. 33, sec. 8, might prove, by parol evidence, that he did not in fact have any notice of the suit prior to the rendition of the judgment.

THIS was a petition to the county court to set aside a judgment, rendered by a justice of the peace by default, and to be allowed a trial in the case, founded upon the Revised Statutes, chapter thirty three, section eight,—the petitioner alleging, that he had no notice of the suit until after the rendition of the judgment,—and was heard by the county court, June Term, 1845, HEBARD, J., presiding.

It appeared from the record of the justice of the peace in the original suit, that notice to the petitioner of the pendency of that suit was proved, prior to the rendition of the judgment against him by default; but the petitioner offered to prove, by parol evidence, that he did not in fact have notice of that suit, until after the judgment was rendered. To the admission of this evidence the petitionee objected.; but the objection was overruled, and the evidence was received; and the court, from the evidence, found the fact to be, that the petitioner had no notice of the original suit, prior to the judgment, and decided, that the prayer of the petitioner be granted, and that he have leave to enter his copies, and that the cause stand for trial. Exceptions by petitionee.

*C. B. Leslie* and *L. B. Peck* for petitionee.

1. The record of the justice in the original suit shows that the petitioner had notice of that suit; and to avoid and contradict the record, in this particular, the county court admitted *parol evidence.* This, it is believed, is in contravention of the long established rule, that *a record cannot be contradicted by parol. Spalding* v. *Chamberlin,* 12 Vt. 538. *Barnard* v. *Flanders.* Ib. 657. *Pike* v. *Hill,* 15 Vt. 183. *Sawyer* v. *Joiner,* 16 Vt. 497. 1 Sw. Dig. 750. 8 Conn. 375. *Olcott* v. *Hutchins et al.,* 4 Vt. 17. 1 Stark. Ev. 195, n. Ib. 202–215. 3 Ib. 1278. *Woods, Adm'r,* v. *Pettis et al.,* 4 Vt. 556. Peake's Ev. 21, 22, n. *Dickson* v. *Fisher,* 4 Burr. 2267. *Fox* v. *Hoyt,* 12 Conn. 491. *St. Albans et al.* v. *Bush,* 4 Vt. 58. Phil. Ev. 218, 237, n. (*a.*) Co. Lit. 260. 1 East 355.

Mosseaux *v.* Brigham.

2. The rule is well settled, that the judgment of a court of competent jurisdiction, upon a question or point in issue, is *conclusive* between the parties. If such were not the rule, there would be no end to litigation. 2 Aik. 381. 2 Greenl. Ev. 16. 4 Pet. 393, 408. 17 Vt. 302. 12 Conn. 491. 6 Conn. 558. 1 Stark. Ev. 183–186, 208–211. 1 Greenl. Ev. 590, 595, 596, n. 2.

*A. Underwood* for petitioner.

1. Although the principle is true, that a record imports absolute verity, yet it is not applicable to cases of this description. Indeed, the rule has always been subject to some exceptions. Cowp. 727. 1 H. Bl. 75. 1 Anstr. 8. 3 Ves. &. B. 42. 2 Marsh. 392. 7 Taunt. 97. 3 Bl. Com. 24, note 3. There is much reason, that that part of a record, which shows "notice proved," should be made an exception. The record is always made from *ex parte* evidence. The party charged with notice is not present to contradict it, and has no opportunity to be heard.

2. It is contended, that the rule is not applicable to a case arising under Sec. 8 of chap. 33 of the Revised Statutes. Indeed, it appears to have been the express object of the legislature, in this enactment, to relieve a party from the operation of this rigid rule. The Statute pre-supposes a regular judgment, as *shown by the record*, and one that cannot be reached by the ordinary process of *audita querela*. If the record is to be held beyond the reach of contradiction, then the statute is entirely nugatory.

3. This statute is to be regarded as extending the time for entering an appeal, in certain cases, in the discretion of the county court, from two hours to two years; and the granting the prayer of the petition has the effect only to bring up the original suit, as if appealed. The record of a case, in contemplation of law, is made as the suit progresses, and is not considered complete, until the suit is ended. While in progress, the record is under the control of the court, subject to be amended, and that to be shown by parol testimony. The process of petition merely continues the progress of the original suit. By it the county court take appellate jurisdiction, and make up a record of an appealed case, instead of its remaining the record of a case complete and ended in a subordinate jurisdiction.

Mosseaux *v.* Brigham.

4. It is insisted, that the ordering the original suit to be entered on the docket and stand for trial was a matter of discretion, not to be revised in this court.

The opinion of the court was delivered by

HALL, J.    The statute, under which this petition was brought to the county court, authorizes that court, *in its discretion*, to give or refuse relief, and upon such terms as it shall deem reasonable.    Unless, therefore, the record of the fact of notice, made by the justice, interposed such an obstacle in the way of relief, as to prevent the exercise of any discretion by the county court on the subject, it is obvious, that we have nothing to do with the case.    If that court could, under any state of facts, have received evidence in opposition to the record of notice, then the whole matter came within its discretionary power, and we cannot say, that it erred in matter of law. For it is well settled, that this court cannot, on exceptions, review any matter within the discretion of that court.

There is no doubt of the correctness of the general doctrine, insisted on by the counsel for the petitionee, that the record of a court having jurisdiction of the subject matter imports absolute verity. The record is to be taken to be true, not only when it comes collaterally in question, but also when the judgment, of which it is evidence, is sought to be enforced, or is made matter of defence; and even when the proceeding is upon a review of the judgment itself, for error in law, as upon writ of error, and *certiorari*, the truth of the record cannot be disputed.

But this rule does not forbid the exercise of a revisory power by a court of general jurisdiction over its own records.    It is a power incident to such courts, to inquire into the correctness of their own proceedings, to correct their records according to the truth, if erroneously made, or to relieve a party against the unjust operation of a record, on ascertaining, by a direct inquiry into the matter, that the record ought not to have been so made.    This proceeding is usually on motion, founded on affidavits and notice; and the power is exercised in a summary way, whenever the court, in its sound discretion, considers that the furtherance of justice requires it.    This power is incident to the county courts, in this state, as

well as to this court, and is properly exercised, when a judgment by default has been mistakenly or fraudulently entered.

Thus, in *Scott* v. *Stewart*, 5 Vt. 57, a judgment had been rendered by default in the county court, which judgment, on petition to the same court at a subsequent term, on due notice to the opposite party, had been set aside and the case opened for trial. On exceptions to the jurisdiction of the county court over the matter, the case was carried to the supreme court, and it was there held, that the county court had a common law jurisdiction and authority to set aside such default, either upon notice, or petition.

The county court being perpetual in its character, there is no obstacle in the way of the exercise of this revisory power over its proceedings. But the authority of a justice of the peace is temporary, subject to be terminated at any time by his death, or removal from the state, and necessarily ending with the limited term of his office. Hence the impracticability of the proper exercise of such power by a justice's court, if it were not otherwise objectionable. A justice's revisory power has always been understood to be terminated by the expiration of two hours after the rendition of his judgment; and the object of the legislature, in the statute under which this petition was brought, seems to have been, to give the county court a similar power over the proceedings of a justice, when a party has been deprived of his day in court by fraud, accident, or mistake, that the county court might exercise over its own proceedings.

It cannot be doubted, that the county court might and would, on the suggestion by the party of either fraud, accident, or mistake, inquire, on motion, into the correctness of an entry in that court of *notice proved;* and if it should appear, on such inquiry, that the entry had been thus made, grant him relief, by opening the case for trial. And as we think the same power is conferred by the statute on the county courts over a justice's judgment, rendered by default, we are of opinion, that the justice's record did not present any obstacle to an inquiry into the real fact in regard to notice, and that there is, therefore, no error in the judgment of that court, in granting the prayer of the petitionee.

If the revisory power of the county court, over the judgments of a justice, could not be exercised, where it appeared from the record that the defendant had had notice of the suit, by disproving the no-

tice, a large class of the most probable cases of accident and mistake, if not of fraud, would be excluded from its consideration. The fact of notice usually appears in the officer's return on the writ; and that return, becoming a part of the record, is of equal verity, between the parties to the suit, with a record of the proof of notice. If the officer, in his copy left with the defendant, by mistake inserts a more distant day for the holding of the court, than that in the writ, or by mistake delivers his copy to a person other than the defendant, by reason of which a default is taken, shall the party, in such case, be allowed to enjoy the fruits of an unjust judgment, and the defendant be turned over to an uncertain remedy against an innocent officer? Or may not the county court, on such terms as shall preserve the rights of the plaintiff, set aside the default, and allow the injured party a trial?

Such a case presents quite as strong a case for relief, as a case where the defendant, having notice, is prevented by some accident from reaching the place of trial at the appointed time. In the latter case additional precautions in the defendant might, perhaps, have guarded him against the injury; but in the former no diligence of the party could prevent it. Both classes of cases seem to have been designed to be provided for by the statute; and, as the county court is clothed with the power of granting the relief on such terms as will preserve the rights both of the plaintiff and defendant, the furtherance of justice, as well as the language and intention of the legislature, appear to require, that the statute should receive the extended construction we have given it.

The judgment of the county court is affirmed, with costs of this court; and the county court are to proceed to hear and determine the justice suit, as upon appeal.