JAMES BANFILL *v.* THE ESTATE OF SAMUEL D. BANFILL.

*Removal of an executor by the probate or county court.    Practice.*

The power of the probate court, and of the county court upon an appeal, to remove an executor for neglecting his trust is a discretionary power, the exercise of which cannot be revised by the supreme court, where no question of law is involved.

Appellant from a decree of the probate court, which embraced several distinct matters, confined, in the prosecution of his appeal, to those matters only which were complained of in his objections.

.APPEAL from the decree of the probate court.    From the pleadings in the county court which terminated in a demurrer, it appeared that the appellant was duly appointed and qualified as the executor of the last will and testament of his brother, Samuel D. Banfill; that in his inventory of the assets of said estate, he did not include certain promissory notes, amounting to about three hundred dollars, on the ground, as he alleged, that the testator had told him that he might have them as his own property, upon the testator's decease, in consideration of the indebtedness of the testator to him; and that by reason of his having said notes he presented no claim to the commissioners upon the testators estate; that upon being subsequently complained of for not inventorying them, and cited to render his account and show cause why he should not be removed from his executorship, he for the first time took legal counsel, and being advised that he could not hold said notes, as his own property, on account of their not having been delivered to him by the testator before his decease, he made and returned to the probate court an additional inventory including said notes; and that thereupon he presented to said court a claim in his favor against said estate which the probate court decreed and ordered that they had no authority to allow, adjust or pass upon, and that the same should have been presented to the commissioners on said estate; and that on account of his omission and neglect to inventory said notes, he should be removed from the office and discharged from the duties of executor upon said estate.

The appellant, in his objections, after setting forth the proceedings in the probate court, averred that they were all against his will and greatly to his injury, and " and that there was no good and suf- " ficient cause for his removal as aforesaid, and that the decree in

" that respect, ought to be reversed and set at nought, because he " says, he resides not out of this state, and has never neglected, on " due notice, to render his account and settle the estate according " to law, or perform any decree of the court, has not absconded, or " become insane, or otherwise incapable or unsuitable to discharge " said trust."

The county court, June Term, 1853,—COLLAMER, J., presiding, —rendered judgment that the decree of the probate court be affirmed with costs to the appellees. Exceptions by the appellant.

*R. M. K. Ormsby*, for the appellant.

*J. W. D. Parker*, for the appellees.

The opinion of the court was delivered by

BENNETT, J. We think the judgment of the county court affirming the decree of the court of probate, should be affirmed. The statute, p. 333, § 9, in express terms, gives the probate court power to remove an executor, if he neglects to peform any decree of that court.

The power is discretionary in the court, and it is for that court, in the first instance, to find the fact of the neglect of the executor, and then to remove or not as shall seem to the court meet. The county court may revise the doings of the court of probate, which in this instance has been done, and they have been affirmed.

We are not called upon, so far as this part of the case is concerned, to revise the decision of the county court upon any question of law ; and a decision resting in discretion, we cannot revise. This court does not sit as a supreme court of probate, but simply as a court of errors.

The only remaining question arises in relation to the decree of the probate court, relative to the power of that court, to adjudicate upon the claim, which the executor made against the estate of his testator ; and sought to have allowed him, by that court, in his administration account. The court, it seems, held they had no jurisdiction over such a claim. The executor had been cited in to render his account, and to show cause why he should not be removed. Though it is true the entire decree of the court of probate was appealed from, yet the appellant, in his objections, only complains of

that part of the decree which relates to his removal. After setting out the decree of the court fully in the several particulars, and the reasons why he should not have been removed, he adds, it is true, "all which was against the will of the complainant and greatly to his wrong and injury, therefore," he says, " there was no good and sufficient cause for his removal, as aforesaid, and that the decree of the court of probate in that respect ought to be reversed and set at nought; because he says, he resides not out of this state, and has never neglected on due notice to render his account and settle the estate according to law, or perform any decree of the court, and has not absconded, become insane, or otherwise incapable or unsuitable to discharge said trust."

Issue was tendered, and we think the construction to be given the appellant's objections must be, to confine them to that part of the decree, which removed him from his executorship.

We presume the trial in the county court proceeded upon that ground, and that the only point litigated was in relation to his removal, which seems to be the only part of the decree which is complained of as being erroneous.

We think, then, that only that part of the decree is properly drawn in question by the appellant's objections; and that we are not called upon to decide in relation to the power of the court of probate to. adjudicate upon the private claim of the executor against the testator's estate.

The judgment of the county court is affirmed with costs.