DARIUS DAVISON *v.* ELLEN HEFFRON

*Practice.   Judgment.*

On petition to set aside the judgment of a justice of the peace because the petitioner was deprived of his day in court by fraud, accident or mistake, and was therefore defaulted, it appeared that the petitioner's attorney, being suddenly called away on the day of the trial, requested another person to attend to the suit for him, who promised but neglected to do so; *Held,* that this did not bring the case within the statute so as to authorize the county court to set aside the judgment.

---

Davison *v.* Heffron.

---

PETITION to set aside a judgment of a justice of the peace in favor of the defendant against the plaintiff, upon the ground that the plaintiff was unjustly deprived of his day in court.

The case was referred, and the referee reported that Edward Kirkland, Esq., was employed as counsel for the plaintiff in the suit of Heffron against him, and appeared at the return day, when it was continued till the 14th of October, 1856; that on the morning of that day Mr. Kirkland, having occasion to leave town immediately, recollecting that suit, tried to find the justice before whom it was pending, but was unable to do so. He then tried to find R. W. Clarke, Esq., an attorney, in order to procure him to attend to the suit, but could not find him. He then met one Klinge, who was employed at the same place of business with the plaintiff, and told him of the necessity of his absence that day, and that he must get some lawyer to attend to the suit, and Klinge promised to do so, but entirely forgot the matter until more than two hours after the suit was defaulted. It further appeared that the plaintiff left Brattleboro, where the suit was to be tried, about October 1st, 1856, and that before he left he spoke to Klinge to attend to the suit.

Upon this report the county court, at the April Term, 1858,— REDFIELD, Ch. J., presiding,—was of opinion that, as matter of discretion, the case should be opened for trial on the merits, but, to enable the parties to take the opinion of the supreme court upon the question, rendered judgment *pro forma* for the defendant, to which the plaintiff excepted.

*E. Kirkland*, for the plaintiff.

*Bradley & Kellogg*, for the defendant.

BENNETT, J. This is a petition to have a judgment of a justice of the peace overruled and a new trial granted, on the ground that the defendant did not have his day in court. The petition rests upon the statute which authorizes the court to set aside a judgment of a justice where the defendant has been prevented from appearing by reason of *fraud, accident,* or *mistake.* In *Babcock* v. *Brown*, 25 Vt. 550, it was held that where it appeared

Davison *v.* Heffron.

that the attorney forgot the day of the court, his negligence or forgetfulness must be regarded as the negligence or forgetfulness of the party, and that that was not a case within the statute, and we think that case should govern this.    The gentleman whom Mr. Kirkland employed in behalf of his client to attend the justice court on the day of the adjournment, or procure counsel to attend, neglected to attend to the business, simply because the matter passed out of his mind until after the day of the court. Though Mr. Kirkland may not have been guilty of negligence personally, yet the person whom he engaged to attend to the business was, and his negligence must in the eye of the law be regarded as the negligence of the party, and the principle of the case in 25 Vt. is, that the statute should not be extended to a case where the accident or mistake was the result of a want of reasonable care, resting in forgetfulness.    It is not the business of the courts to open anew a scene of litigation to relieve a party against his own gross negligence.    To hold that mere forgetfulness of the day of the court was a good ground to set aside a judgment under the *fraud, accident* or *mistake* law, would be fraught with evil consequences, and we think does not come within the spirit of the law.    Though setting a judgment aside may be a matter resting in the discretion of the court, where the facts bring the case within the statute, and the exercise of that discretion could not be reversed by this court, yet, it is a question of law whether a case comes within the statute, and in such a case the judgment of the county court may be reversed,

Judgment affirmed.