Foster *v.* Austin.

SILAS FOSTER *v.* LEVI R. AUSTIN.

*County Court. Appeal. New Trial.*

The county court having dismissed the complaint of the appellee for the affirmance of a justice's judgment, the appeal from which the appellant had neglected to file, the appellee, at the next term of the county court, presented a petition setting forth that the appellant, by false statements and *ex parte* affidavits in support thereof, had induced the court erroneously and inadvertently to dismiss the complaint for affirmance, and praying that such judgment of dismissal be vacated and the suit reinstated upon the docket. The county court, on motion, dismissed the petition on the ground of a want of power to grant the prayer thereof upon the facts therein stated; *Held*, that it was competent for the county court to allow the appellant to show cause why the affirmance should not be granted; and that the present petition was in effect only a petition for a new trial, which could not be entertained by the county court, unless made at the same term in which the judgment objected to was rendered.

PETITION to the county court. The subject matter of the petition and the facts of the case are stated in the opinion of the court.

To the judgment of the county court, dismissing the petition, the petitioner excepted.

*A. & C. Soule* and *William C. Wilson*, for the petitioner.

*Hubbell & Dewey*, for the petitionee.

KELLOGG, J. The county court having, on motion of the appellant (Austin) dismissed the complaint of the appellee (Foster) for the affirmance of a judgment rendered by a justice of the peace in favor of the appellee against the appellant, from which the appellant had taken an appeal, but had neglected to enter his appeal in the county court, the appellee, at a subsequent term of the county court, preferred his petition to that court, setting forth in substance that the appellant, by false statements and pretences that the petitioner had agreed with him that the suit in which said judgment was rendered should be discontinued, and by the use of false affidavits, taken *ex parte*, in support of such statements and pretences, "induced and procured the court inadver-

tently and erroneously to dismiss the said complaint," and praying " that the judgment and order of the county court dismissing the complaint might be vacated and set aside, and that the said suit might be reinstated and entered upon the docket" of that court. The appellant, having been summoned to answer to the petition, moved to dismiss the same "for reasons appearing therein." On the hearing upon this motion, the motion was treated and regarded by the court as a demurrer to the petition, and the court dismissed the petition on the ground that it had no legal power to grant the prayer thereof upon the facts stated therein. To this decision the petitioner excepted.

A complaint for the affirmance of the judgment of a justice when such judgment has been appealed from, and the appellant has neglected to enter and prosecute his appeal in the county court pursuant to the provisions of the statute, (Comp. Stat., p. 222, sec. 20,) has the necessary elements of a suit, and its object is the perfection of a judgment. It is, in practice, treated as being so far in continuation of the original proceedings that no notice of such complaint is required to be given to the appellant, but it is not necessarily a proceeding *ex parte ;* and it is a matter of common practice to allow leave to the appellant to enter his appeal even after such complaint has been made. It would seem, on principle that whenever a party finds a complaint pending against him in a court of justice, founded on facts which in their nature are traversable, he should be entitled, as a matter of right, to appear and take issue upon it, or to show cause why such action as that sought by the complaint should not be taken. The right of the appellant so to appear when the appellee seeks for an affirmance of the original judgment, on the ground that the appellant has neglected to enter and prosecute his appeal, is recognized by Royce, J., in *Jenny q. t.* v. *Glynn,* 12 Vt. 480, and whether we treat the question as a question of right, or as one for the exercise of the discretion of the county court, we do not regard the action of that court in allowing the appellant to appear and show cause why the remedy sought and claimed by the appellee should not be granted as being either irregular or improper. The judgment of that court on a matter addressed to and properly falling within its discretion, is not subject to revision either

Foster v. Austin.

upon exceptions or a writ of error, or *audita querela ; Suttons* v. *Tyrrell*, 10 Vt. 87 ; *Perry et al.* v. *Ward*, 18 Vt. 120 ; *Mosseaux* v. *Brigham*, 19 Vt. 457 ; *Rut. & Bur. R. R. Co.* v. *Adm'rs of Wales*, 24 Vt. 299 ; *Banfill* v. *Estate of Banfill*, 27 Vt. 557.

It is a power incident to all courts of a general jurisdiction to revise their own records, and to correct them if erroneously made, but no suggestion is made in this petition that the record of the county court does not truly state the action taken by that court on the petitioner's complaint. On the contrary, the petition admits an " order and judgment" of that court, dismissing the complaint, and prays that this order and judgment may be vacated and set aside. It is quite obvious that the only object of the petition is to procure a new trial, and a different order and judgment upon the appellant's motion to dismiss the petitioner's complaint. The facts stated in the petition are such as would tend strongly to support a petition for a new trial ; but by the provisions of the statute, the power of the county court to grant a new trial in a case determined in that court is limited to the same term in which the judgment was rendered, and the supreme court alone is authorized to grant a new trial in a cause determined by such court, or by any county court, on petition, subsequent to the term of the court at which the original judgment was rendered (Comp. Stat., p. 280, sec. 1, 2.) We think that this petition must be considered and treated as being both in substance and character a petition for a new trial, and as such it clearly could not be supported in the county court because it was not presented to that court at the same term in which the judgment which is sought to be vacated was rendered as required by the statute.

The judgment of the county court dismissing the petition is affirmed.