FORESTER GODDARD *v.* SEWALL FULLAM.

*Default. Practice. Supreme Court.*

Under our statute the supreme court have no jurisdiction over petitions to set aside defaults entered in the county court.

Petitions for this purpose are addressed solely to the discretion of the court where the default is entered, the power being incident to that court alone.

PETITION to strike off a default. The petition represented that the petitioner now resides and always has resided in Massachusetts; that in March, 1859, a writ declaring in trespass for a quantity of lumber was served upon him in favor of the petitionee, Sewall Fullam; that the petitioner employed Hon. Reuben Washburn, then of Ludlow, Vt., now deceased, to defend said suit; that he informed said Washburn that he had a perfect defence, and thought the case would never be entered in court; that he heard nothing more from this suit, and supposed it had never been entered in court, until he was sued upon the judgment rendered by default in said trespass suit.

The petitionee filed a motion to dismiss the petition. The court at the May Term, 1864, BARRETT, J., presiding, overruled the motion, and granted the prayer of the petition so far as to strike off the default, and ordered the cause to be brought forward. To the refusal to dismiss the petition the petitionee excepted.

*Sewall Fullam*, defendant, *pro se.*

*Converse & French*, for the plaintiff.

---

---

The opinion of the court was delivered by

ALDIS, J. The case stands solely upon exceptions to the decision of the county court in denying the motion to dismiss the petition of the plaintiff. Do the facts stated in the petition give the county court jurisdiction?

*Scott* v. *Stewart*, 5 Vt. 57, was a petition to set aside a judgment obtained by default through some mistake. The defendant objected on two grounds. 1st, that the 17th section of the statute of 1825 gave the exclusive jurisdiction of granting new trials to the supreme court, and 2d, that the facts set forth in the petition did not disclose sufficient grounds for granting a new trial. These are substantially the reasons which the defendant now presents to sustain his motion to dismiss.

The 17th section of the act of 1825 enacted that "petitions for new trials, *in cases tried before any county court*, shall be presented to the supreme court." The court held that the statute was not intended to impair the common law right of courts to set aside a judgment or default that was obtained through fraud, accident or mistake; and that its language did not apply to judgments obtained by default. The language of our present statute is a little different, having been altered in the revision of 1839. It is, "The supreme and county courts may grant new trials *in all cases determined in such courts*," &c. We do not think that the use of the word "determined" in place of "tried" was intended to change the meaning of the statute, and to include judgments obtained by default. It is unquestionably a word of larger import. But to extend it according to its literal meaning to every case that has come to an end in such courts, without considering how such end has been reached—whether by trial, default or discontinuance—would be going quite beyond the reasonable intent of the act. The term "new trial" supposes that a trial has been already had.

In 1842, after the act now substantially in force was enacted, in which the word "determined" is used, the case of *Adams* v. *Howard*, 14 Vt. 158, arose. That was a petition to the supreme court for a new trial in a case where the county court had rendered judgment by default. Now if the words "cases determined" were intended to include defaults as well as trials, the supreme court would have had

jurisdiction. But the court held otherwise, and decided that "the statute applies only to those cases where a trial has been had." The decision of *Scott* v. *Stewart* was fully sustained. Ch. J. WIL-LIAMS says,—"A default is not a trial. The power to set aside a default, either at the term in which it is entered, or at a subsequent time, on petition and citation, is incident to the court where the default is entered, and is addressed solely to the discretion of the court. The jurisdiction over such petitions is not given by statute to the supreme court." This decision is directly against the construction contended for by the defendant. *Mosseaux* v. *Brigham*, 19 Vt. 457, is a more recent decision to the same point.

The petitionee insists that the facts stated in the petition do not furnish sufficient ground for erasing the default. They substantially allege a default obtained after the decease of the petitioner's counsel, and when the petitioner had good reason to suppose the suit had never been entered in court. Mistake and accident not arising from the neglect or fault of the party is a ground which the courts have the right to act upon in amending their records.

It is also urged that the suit was in fact entered in court, and that counsel for the petitioner appeared and answered to the case. That may all be true and yet the judgment be by default and wholly wrong. In this case it also appears that the counsel of the petitioner died in less than a year after the entry of the suit in court—that the petitioner claims he did not know the suit was in court, and had good reason to suppose that it was not—and that after the decease of his counsel no one had authority to appear or act for him. It is not for this court to revise the decision of the court below upon the facts. If the petition presented a case upon which they might legally act, their jurisdiction and action must be sustained. We cannot say that the fact that counsel appeared in the case for the defendant necessarily defeats the right of the petitioner to have the default erased.

The case of *Foster* v. *Austin* was not a petition to correct the record of the county court because erroneously made, but to vacate the record and judgment which the petition admitted were made just as the court upon the hearing intended they should be. Judge KEL-LOGG states this as the reason why it should be regarded as a peti-

tion for a new trial, of which the county court had at that time no jurisdiction, and why it was not to be regarded as a petition to correct the record.    The case therefore does not aid the petitionee in this case.

Judgment affirmed.