## FARMERS' MUTUAL FIRE INSURANCE CO. *v.* SOCRATES REYNOLDS, GUARDIAN.

*Power of County Court to Revise its Records.  New Trial. Gen. Sts. c. 38, s. 2.  Petition.*

Petition to County Court praying that a cause be brought forward on the docket, that a judgment by default be stricken off, and that defendant be permitted to enter and defend.  Petition alleged that there was a good defense, and briefly indicated its nature.  Petitionee moved to dismiss, but the court found that petitioner's attorney neglected to appear "because he mistook the day" on which the term at which the default occurred began, overruled the motion, and ordered the cause to be brought forward, &c.  *Held*, that the revision of the record to that extent was within the discretion of the court; that the petition contained a sufficient disclosure of defense, as the court would not in such case undertake to pass on the merits of the defense, but would look so far only as to see that the case was fairly disputable, and that defendant in good faith intended to defend; and that there was therefore no error.

The statute providing for the granting of new trials applies not to such a case, but to cases where a trial has been had.

THIS was a petition brought to the County Court at its February Term, 1879, praying that a cause wherein the petitioner was defendant and the petitionee was plaintiff be brought forward on the docket, that a judgment by default, rendered therein at the August Term of said court, 1878, be stricken off, and that the petitioner have leave to enter and defend.  The petition alleged that the action was brought on a policy of insurance against fire issued by the petitioner to the petitioner's ward to recover for an

Fire Insurance Co. *v.* Reynolds.

alleged loss, and that the petitioner had a good defense thereto in that the alleged burning was caused by the " wilful and malicious act " of the ward's wife, and that the policy was issued before the petitionee was appointed. The petition was supported by the affidavit of the petitioner's attorney, whereby it appeared that he received from the petitioner a copy of the writ in said cause, with instructions to defend. The petitionee moved to dismiss the petition. The court, ROYCE, J., presiding, found that the petitioner's attorney " neglected to appear and answer " to said cause " because he mistook the day " on which the term at which the default occurred began, and supposed it began on the first Tuesday in September ; and " rendered judgment, *pro forma*, overruling the motion, ordering the cause to be brought forward, and the judgment to be vacated.

Exceptions by the petitionee.

*H. C. Adams*, for the petitionee.

The petitioner's attorney admits that he received a copy of the writ from the petitioner, with instructions to defend. The case therefore comes within the rule in *Babcock* v. *Brown*, 25 Vt. 550, and *Davison* v. *Heffron*, 31 Vt. 687.

The defense alleged is inadmissible. A trial will not be granted when the result will be the same. *Kowing* v. *Manley*, 49 N. Y. 192.

*S. C. Shurtleff*, for the petitioner, contended that the County Court had by common law revisory power over its records to correct the same, when erroneous, and to set aside a default, and cited *Mosseaux* v. *Brigham*, 19 Vt. 457 ; *Tudor* v. *Taylor*, 26 Vt. 444 ; *Scott* v. *Stewart*, 5 Vt. 57 ; *Adams* v. *Howard*, 14 Vt. 158 ; and other cases. He contended also that section 7, c. 38, Gen. Sts. did not apply.

The opinion of the court was delivered by

VEAZEY, J. The petition in this cause was addressed to the County Court, and prayed that a cause in favor of the petitionee against the petitioner, in which a default had been entered at a

previous term, might be brought forward upon the docket, the default be stricken. off, and the petitioner be permitted to enter and defend said suit. The petitionee moved to dismiss the petition. This motion was overruled, and the petitionee excepted.

It appears from the exceptions that upon trial the County Court found that the attorney of the said insurance company, the defendant in said suit and the petitioner here, neglected to appear and answer to the suit at the term in which it was entered, because he mistook the day on which said term commenced.

The power invoked by this petition is not one provided by statute, but the power incident to a court of general jurisdiction, independent of any statute, to revise and correct its records. It is a well-recognized power, and its exercise has often been held to be a matter of discretion not subject to revision. In *Scott* v. *Stewart*, 5 Vt. 57, Chief Justice WILLIAMS says : " The power to set aside a default either at the term in which it is entered, or at a subsequent term on petition and citation, is incident to the court where the default is entered, and is addressed solely to the discretion of the court." This decision has been fully sustained in numerous cases since. The statute providing that " the Supreme and County Courts may grant new trials *in all cases* determined in such courts ", &c., Gen. Sts. c. 38, s. 2, applies to those cases where a trial has been had, but does not reach the case of a default. *Adams* v. *Howard*, 14 Vt. 158 ; s. c. 560 ; *Foster* v. *Austin*, 33 Vt. 615 ; *Goddard* v. *Fullam*, 38 Vt. 75. In the latter case ALDIS, J., says: " Mistake and accident not arising from the neglect or fault of the party is a ground which the courts have the right to act upon in amending their records." The County Court found as a fact upon the evidence before it that the defendant's attorney neglected to appear, &c., because " he mistook the day ", &c. In the case last cited, which was a petition like this, the learned judge further says : " It is not for this court to revise the decision of the court below upon the facts. If the petition presented a case upon which they might legally act, their jurisdiction and action must be sustained."

The cases *Babcock* v. *Brown*, 25 Vt. 550, and *Davison* v. *Heffron*, 31 Vt. 687, cited by petitionee's counsel, are decisions

under s. 7, c. 38, Gen. Sts. and have never been regarded as controlling in this class of cases.

The petitionee's counsel insists that the petition should have been dismissed because it does not disclose a defense. It says they have a good defense, and alludes briefly to what it is. In the trial of a petition of this kind the court will not undertake to pass upon the merits of the defense, but should look far enough to be satisfied that the case is fairly disputable, and that the defendant in good faith intends to make a defense. It does not appear that the interests of third parties have intervened, or that a trial of the cause can work injustice to anybody.

We think there was no legal error in the exercise of its discretionary power by the County Court, and the *pro-forma* judgment is affirmed.