IRVING W. JOHNSON v. J. Q. SHUMWAY.

BENNINGTON COUNTY, 1893.

Before: TAFT, ROWELL, TYLER AND THOMPSON, JJ.

*Error not to exercise discretion.  County Court may strike off non-suit.*

1.  Where a party has the legal right to require the county court to exercise its discretion, it is error for that court to refuse to do so.

2.  It is within the power of the county court to strike off, in its discretion, a judgment of non-suit entered for want of prosecution.

3.  Such right is not statutory, but springs from the inherent power of courts over their their own judgments.

This was a petition to bring forward a case, and for a new trial. The petitionee moved to dismiss. Heard at the June term, 1892, MUNSON, J., presiding. The court dismissed the petition as a matter of law, and the petitioner excepted. The opinion states the case.

*J. C. Baker* for the petitioner.

The county court, in virtue of its common law power over its own judgments, could grant the relief asked for.  *Scott v. Steward*, 5 Vt. 57 ; *Adams* v. *Howard*, 14 Vt. 158 ; *Adams* v. *Howard*, 14 Vt. 560 ; *Hyde* v. *Haskell*, 10 Vt. 427 ; *Beckwith* v. *Middlesex*, 20 Vt. 593 ; *Montgomery* v. *Vin-*

*ton*, 37 Vt. 514; *Goddard* v. *Fullam*, 38 Vt. 75; *Ins. Co.*
v. *Reynolds*, 52 Vt. 405.

*Waterman, Martin & Hitt* for the petionee.

The common law power of a court over its judgments has
no application. 2 Black Com. 380.

There is no statute which warrants the petition. *Mont-
gomery* v. *Vinton*, 37 Vt. 514; *Fire Ins. Co.* v. *Reynolds*,
52 Vt. 405; *Babcock* v. *Brown*, 25 Vt. 550.

The opinion of the court was delivered by

TYLER, J.   The exceptions state that this was a petition
under the statute, addressed to the county court, praying
that a cause might be brought forward, the judgment therein
struck off and a new trial granted.   It is said in the peti-
tioner's brief that the case presented is within the equity of
section 1,422, R. L.   That section provides that when a
judgment is rendered by a county court upon default, and
the *defendant* or *trustee* therein is unjustly deprived of a
hearing by fraud, accident or mistake, the party so deprived
of a hearing may bring his petition or motion to that court to
have the judgment so rendered by default set aside.   In this
case the petitioner was *plaintiff* in the original suit in which
the alleged wrongful judgment was rendered, therefore this
section was not available for his relief.

It is also clear that the petitioner could not have invoked
section 1,423.   That section provides that the supreme court
may grant a new trial in a cause determined by that court,
or by a county court, on petition of either party. In *Scott* v.
*Stewart*, 5 Vt. 57, it was held that the term " new trial," as
used in the statute, was technical and was predicable only
of such cases as had been tried on their merits. *Montgom-
ery* v. *Vinton*, 37 Vt. 514; *Goddard* v. *Fullam*, 38 Vt. 75;
*Fire Ins. Co.* v. *Reynolds*, 52 Vt. 405.   The petition al-
leges that the defendant took a judgment, and the prayer is

for a new trial, but obviously there was no trial of the case upon its merits. The plaintiff was in default of appearance to prosecute his suit when it was reached for trial, and the defendant was entitled to and took a judgment as of non-suit, though it is not so alleged in the petition. As the plaintiff did not appear and present his case the defendant had nothing to defend against. Bouvier defines "nonsuit" as the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a cause after it has been put at issue without determining that issue.

This petition, independently of any statute, may properly be construed to be a petition or motion invoking the county court to exercise the discretionary power which is inherent in all courts over their own judgments. The court could entertain such a petition without statutory authority. The common law right of courts to set aside judgments and defaults is unquestionable. *Scott* v. *Stewart; Goddard* v. *Fullam; Foster* v. *Austin*, 33 Vt. 615. It was evidently to this power in the county court that Poland, Ch. J., relegated the petitioner in *Montgomery* v. *Vinton*.

The material facts alleged, by reason of which the plaintiff prayed that the judgment might be set aside, were that the plaintiff's counsel erroneously supposed that the case was not for trial at the December term, 1891, at Bennington, but would be continued to the next June term at Manchester, and therefore gave it no attention ; that the clerk telegraphed him that he was wanted at court, without stating on what business ; that he was then sick and unable to attend. The petitioner also alleged that he had a good cause of action and set it out in his petition.

Had the county court exercised its discretionary power and granted the relief prayed for or dismissed the petition, its decision would not be revisable here. *Fire Ins. Co.* v. *Reynolds*.

But as we construe the exceptions, that court held as matter of *law* upon the facts alleged, that the petitioner was not entitled to have the case brought forward. In this there was error. The court might *legally* have granted the relief.

*Judgment reversed and cause remanded.*