MUTUAL LIFE INSURANCE COMPANY *v.* N. WILL FOSTER.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, SLACK, AND HEALY, JJ.

Opinion filed February 6, 1915.

*Judgment—Default—Petition to Vacate—P. S. 2017—Discretion—Presumption on Review in Support of Judgment—Power of Court During Term to Vacate Judgment—Vacating After Term—Discretion of Court.*

On a petition framed with a view to P. S. 2017, providing for setting aside a default judgment of the county court on the ground of fraud, accident, or mistake, the county court is not confined to the relief contemplated by that statute, but may treat the petition as a proceeding invoking the exercise of its discretionary power over its own judgments, and, where its judgment granting the prayer of the petition is consistent with this course, it will be presumed on review and in support of that judgment that it so treated the petition.

Courts of general jurisdiction have the common-law right to vacate their judgments, especially default judgments, and that power is discretionary, and can be exercised either at the term wherein the judgment was entered or at a subsequent time.

On a petition to the county court to set aside a default judgment against a trustee by mistake for a larger sum that it had in its hands, the question whether the mistake was of such a character in respect of negligence as justified the county court in setting aside the judgment rested in its discretion, the exercise of which, without manifest abuse, will not be reviewed.

PETITION to the county court to set aside a default judgment. Heard on demurrer to the petition at the June Term, 1914, Addison County, *Stanton,* J., presiding. In vacation, and on November 27, 1914, an order was filed, signed by the presiding judge and the two assistant judges, and reciting that "in order to 'prevent a failure of justice', and strictly as a matter of discretion, it is hereby ordered that the demurrer be overruled and petition adjudged sufficient; that the judgment named in

the petition against the petitioner as trustee be set aside and a new trial granted the petitioner.'' The petitionee excepted. The opinion states the case.

*Charles I. Button* for the petitionee.

*Sherman R. Moulton* for the petitioner.

TAYLOR, J.   This petition was brought to the June Term, 1914, of Addison county court.   Therein it is alleged, in substance that on or about Jan. 1, 1913, the petitionee brought suit in Addison county court against one Herbert T. Taylor and summoned the petitioner as trustee; that the suit was entered in court Jan. 10, 1913, that on Jan. 11, 1913, the petitioner duly entered its appearance by its attorney; that the petitionee caused a default to be entered against the defendant on May 7, 1913; that at the June Term, 1913, judgment was entered without hearing against the defendant and the petitioner as trustee, the clerk to assess the damages; that the clerk assessed the damages at the sum of $425, with costs of $20, without giving notice thereof to petitioner's attorney; that the case was considered in court out of its order on the docket without notice to the petitioner or its attorney; that at the time of the service of the trustee writ upon it the petitioner had in its hands as the goods, chattels and credits of defendant Taylor the sum of $295.95, and that then nor since has it had in its hands other goods, effects and credits of the said Taylor; that the petitionee demands the sum of $445, and interest thereon from the petitioner and refuses to accept said sum of $295.95 in satisfaction of the petitioner's liability; that the petitioner has at all times been ready to disclose under oath the amount of funds and credits of said Taylor which it had in its possession; that it has filed no written disclosure, but was ready upon notice of the proceedings in court to appear and make full disclosure and submit itself to examination under oath, but was prevented from so doing by the fact that no notice was given to it or to its attorney; that by reason of the premises the petitioner has been unjustly deprived of a hearing in said case by fraud, accident or mistake.   The prayer of the petition is that the judgment may be set aside and a new trial granted the petitioner in order that the true amount of the funds in its hands as trustee may be ascertained, and for

stay of proceedings pending the petition. The petitioner is described in the petition as an insurance corporation organized and existing under the laws of New York and having its principal office in the city of New York.

The petitionee demurred to the petition, specifying five separate grounds of demurrer. There was a hearing on the demurrer, and thereupon the court ordered that the demurrer be overruled and the petition adjudged sufficient; that the judgment against the petitioner as trustee be set aside and a new trial granted "in order to prevent a failure of justice and strictly as a matter of discretion." To this order the petitionee excepted on all the grounds specified in the demurrer and on the additional ground "that the order of court attempts to decide a question of law as a matter of discretion and assumes to grant a new trial when no trial has been had, and the question of a new trial is improperly before the court."

The grounds of the demurrer assume, and the petitionee's argument here proceeds upon the theory, that the court below was acting solely under P. S. 2017, which provides for setting aside judgment upon default rendered by a county court, on the ground of fraud, accident or mistake. The petition is apparently framed with a view to this statute, but the county court was not confined to the relief therein contemplated. It was at liberty to treat the petition as a petition or motion invoking the exercise of its discretionary power over its own judgments. *Johnson* v. *Shumway,* 65 Vt. 389, 391, 26 Atl. 590. While the court did not say in terms that it did this, the language of the order indicates that it was not dealing with the petition as a matter of pleading but was looking beyond the demurrer and exercising its inherent discretionary power. Such is the presumption in support of the judgment and it is entirely consistent with the court's action in disposing of the demurrer.

The common law right of courts of general jurisdiction to vacate their judgments, especially upon default, is well settled in this State. *Scott* v. *Stewart,* 5 Vt. 57; *Adams* v. *Howard,* 14 Vt. 158; *Foster* v. *Austin,* 33 Vt. 615; *Goddard* v. *Fullam,* 38 Vt. 75; *Farmers' Mut. Fire Ins. Co.* v. *Reynolds,* 52 Vt. 405. See also *Hale* v. *Griswold,* 1 D. Chip. 107; *Mosseaux* v. *Brigham,* 19 Vt. 457; *Montgomery* v. *Vinton,* 37 Vt. 514; *Johnson* v. *Shumway,* 65 Vt. 389, 26 Atl. 590; *Nicholas* v. *Nicholas' Est.,* 80 Vt. 242, 248, 67 Atl. 531.

The power can be exercised either at the term at which the judgment was entered or at a subsequent time. *Scott* v. *Stewart; Adams* v. *Howard.* The power is addressed solely to the discretion of the trial court. *Scott* v. *Stewart; Adams* v. *Howard; Mosseaux* v. *Brigham; East Montpelier* v. *Montpelier,* 65 Vt. 193, 26 Atl. 112; *Farmers' Mut. Fire Ins. Co.* v. *Reynolds.*

That the petitionee was suffered to take judgment upon default against the trustee for a much larger sum than it had in its hands was evidently the result of a mistake. Whether the mistake was of such a character in respect of negligence as justified the court in setting aside the judgment rested in its discretion. *East Montpelier* v. *Montpelier; Green* v. *McLoud Co.,* 87 Vt. 242, 88 Atl. 810. In the absence of manifest abuse of discretion this Court will not review a question of this character. *Goddard* v. *Fullam.* See *Smith et al.* v. *Howard,* 41 Vt. 74.

The cases cited by the petitionee arose under the statute and have never been regarded as controlling in case of the exercise by the court of its discretionary power outside the statute. *Farmers' Mutual Fire Ins. Co.* v. *Reynolds,* 52 Vt. 405, 408.

*Judgment affirmed and cause remanded.*