ALICE ST. PIERRE *v.* GEORGE BEAUREGARD.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

*E. A. Cook* for the plaintiff.

*Lee E. Emerson* for the defendant.

THOMPSON, J. This is a bastardy proceeding. It appears from the record that at the September Term, 1928, the parties stipulated and agreed "that the defendant shall pay to the plaintiff One Hundred Dollars on or before ten days from date, that he will pay her One Hundred Dollars each year thereafter for four years making Five Hundred Dollars to be paid in full settlement of the case and that the court may enter judgment and order for that amount to be paid as above stipulated." It further appears from the record: "And such proceedings were had that the court ordered and adjudged that the plaintiff recover of the defendant the amounts named in the said stipulation." The defendant paid the first one hundred dollars, but has not paid anything since then.

The plaintiff brought her motion to the March Term, 1930, praying that the case be brought forward, and. that a *capias* issue to bring the defendant before the court to show cause why he should not be ordered to pay as ordered at the September Term, 1928, to give a suitable recognizance to pay the payments as ordered in the record of said September Term, or be confined in jail until such recognizance is given.

The plaintiff filed another motion praying that the court amend the judgment so that it would conform to the provisions of G. L. 3616, 3617, relating to judgments in bastardy cases; and also another motion praying for an execution against the defendant and his surety who recognized before the justice of the peace.

The case was brought forward, and the three motions were severally overruled as matter of law; and the plaintiff took and was allowed an exception to the overruling of each motion.

G. L. 3616 provides that if the judgment of the court on trial is that the defendant is guilty, he shall be adjudged to be the father of the child, and shall stand charged with its support, with the assistance of the mother, in such manner and proportion as the court judges proper. G. L. 3617 provides that such father shall during the term of the court in which the orders are made, enter into a recognizance before the court, with sufficient sureties, to the mother of the child, in such sum as the court directs, conditioned that he will abide and perform the orders of the court so made in the premises; and on entering into such recognizance, the one entered into before the magistrate shall be void.

■ ■ We think that the judgment and order that the parties agreed and stipulated that the court might enter is the judgment and the order specified in the provisions of G. L. 3616. That is the only order and judgment that the court can enter in a bastardy case, and it will be presumed that the parties had the same in mind when they entered into the agreement and stipulation.

■ The judgment the court rendered did not conform to the provisions of G. L. 3616, but was in substance such a judgment as is rendered in actions of contract. Nor did the court oblige the defendant to enter into the recognizance required by the provisions of G. L. 3617. The provisions of the latter statute are mandatory upon the court.

Can the judgment that was rendered at the September Term, 1928, be amended by the same court at a subsequent term so that it will conform to the provisions of the statute; and can the court at a subsequent term oblige the defendant to enter into the recognizance required by the statute?

· ■ It is well settled in this State that the county court, within certain limits, has the incidental power, independent of any statute, to revise and correct its records, and, if necessary, for sufficient reasons, to order a case to be brought forward after final judgment, and vacate the judgment and open the case for further proceedings. And this can be done at a subsequent term. *Smith & Hanscomb* v. *Howard,* 41 Vt. 74, 77; *Fire Ins. Co.* v. *Reynolds,* 52 Vt. 405; *Mutual Life Ins. Co.* v. *Foster,* 88 Vt. 503, 93 Atl. 258. The power is addressed solely to the discretion of the court. *Mutual Life Ins. Co.* v. *Foster, supra.* And mistake and accident not arising from the neglect or fault of the party is a ground which the courts have a right to act upon in amending their records. *Goddard* v. *Fullam,* 38 Vt. 75. In *Mosseaux* v. *Brigham,* 19 Vt. 457, 460, this Court said: "But this rule (that the truth of the record cannot be disputed) does not forbid the exercise of a revisory power by a court of general jurisdiction over its own records. It is a power incident to such courts, to inquire into the correctness of their own proceedings, to correct their records according to the truth, if erroneously made, or to relieve a party against the unjust operation of a record, on ascertaining, by a direct inquiry into the matter, that the record ought not to have been so made."

It is apparent from the record that the failure of the judgment rendered at the September Term, 1928, to conform to the provisions of the statute was due to the mistake or inadvertence of the court, and not to any fault or neglect of the plaintiff. The parties intended that the court should render the judgment provided by the statute; and the error of the court in not doing so can be corrected by amendment. The court below had the discretionary power to grant or refuse the relief prayed for. But it did not exercise its discretion in overruling the motion, and this was error. *Johnson* v. *Shumway*, 65 Vt. 389, 26 Atl. 590; *Lapoint* v. *Sage*, 90 Vt. 560, 565, 99 Atl. 233; *State* v. *Fairbanks*, 101 Vt. 30, 34, 139 Atl. 918. While the judgment was irregular, yet, when considered with the stipulation of the parties to which it referred, it was specific as to the amount of the several payments to be made by the defendant and the dates when due. This judgment comes within the terms of the recognizance taken before the justice of the peace, and the plaintiff is entitled to have judgment on the same and execution issued as provided by G. L. 3619, if the parties against whom the motion was made had twelve days' notice before the making thereof. *Garvin* v. *Walsh*, 54 Vt. 367. It does not appear from the record that the surety had such notice. In the absence of any showing that he did have the statutory notice, we cannot say that the court below erred in overruling the motion for execution to be issued on the recognizance.

It is not necessary to consider the first motion praying that a *capias* issue to bring the defendant before the court. It appears from the docket entries that the defendant appeared generally by counsel in the court below. If, on remand, the court amends the judgment so that it conforms to the provisions of G. L. 3616, the recognizance required by G. L. 3617 will naturally follow, and the defendant can be committed to jail if he does not enter into the same.

*Judgment reversed, and cause remanded.*