LEVI BARNARD *vs.* RICH STEVENS, JOSIAH BELLOWS, 2d, and    Essex,
THOMAS CARLISLE.                                            March,
                                                           1828.

An execution cannot be levied after the return day thereof; and if it be done, the officer and those
directing or assisting him will be trespassers.

But if a levy be made within the life of an execution, the sale and return may be made afterwards;
in which case it should be so certified by the officer.

An officer, after he has returned a process, may, on application to the court, (but not otherwise,)
be permitted to amend his return, provided the rights of third persons will not be effected by it,
and there is any thing on the record by which the amendment or correction can be made; but
this permission will be granted, or not, as the court shall judge just, and on such terms as they
think proper to impose.

If the amount of an execution be paid and satisfied to the party, and he endorse the same on the
writ after it is in the hands of the officer, but before he has made any levy thereof, the officer is
not entitled to fees thereon. And if he levy thereafter for his fees, he will be a trespasser.

An officer's right to fees for travel and per centage on an execution, accrues from the *levy* of the
writ, or the *reception of the money by him*, and not from the receipt of the writ.

Although a party to a valid process be not liable for the irregular acts of an officer under it; yet,
where, in an action of trespass against both, they attempted to justify under an execution which
had been previously satisfied, and the jury returned a general verdict of guilty, and it was stated
in exceptions taken on the trial, that the *taking* was proved, without specifying by whom—*It
was held*, That it must be presumed the jury found that the officer acted under the *order* of the
party, or that they were both *actually concerned* in the taking.

TRESPASS for taking an ox :---Plea, the general issue, with
special notice of a justification, in the levy of an execution,
and a sale of the ox under it.

The taking being proved on the trial, the defendants offered
in evidence to the jury, an execution in favour of the said *Bellows*
against the plaintiff, directed to the sheriff of Essex coun-
ty, &c. (the said *Stevens* being the sheriff,) dated February 22d,
1819, and made returnable in sixty days from date, and receiv-
ed by said Stevens for collection, March 20th, 1819. On this
execution the said Bellows had receipted, on the 22d of Febru-
ary and 3d of April, 1819, one thousand nine hundred and for-
ty-one dollars and thirty-nine cents, being the amount of the
damages and costs.

There was also endorsed on the execution, the two follow-
ing returns :---

"Essex County, July 10, 1819.---By virtue of the within exe-
cution, I took one brown ox, and after being advertised accord-
ing to law, I sold said ox for thirty-two dollars; and the re-
mainder of the money which the ox sold for, which was not
due on said execution, I paid over to said *Levi Barnard*, which
was fifteen dollars and forty-five cents.    RICH STEVENS, *Sheriff.*"

"Essex County---Lunenburgh, April 19, 1820.---By virtue of
the within execution, to me directed, I repaired, on the 19th
day of April, 1819, to the dwelling-house of the said Levi Bar-
nard, and demanded of him the sum of sixteen dollars and fif-
ty-five cents, due to me on said execution, for my fees for trav-
el and poundage thereon, and on his refusal to pay the same, I
levied this execution, on said day, at said Lunenburgh, on one
brown ox, of the proper goods and chattels of said Barnard,
and on the same day I duly posted the same in a publick place

Essex,
March,
1828.

Barnard
vs.
Stevens
et. al.

in Lunenburgh, for sale, according to law; and afterwards the said vendue was adjourned from time to time till the 10th day of July, 1819, on which day I publicly sold said ox at vendue to Levi Barnard, for the sum of thirty-two dollars, he being the highest bidder therefor, and after satisfying myself for my fees on said execution, I paid the remainder of said money, being $15,45, to the said Levi Barnard, as the law directs.

RICH STEVENS, *Sheriff.*"

The return under the date of April 19th, 1820, it appeared from the certificate of the clerk, was actually placed on the execution, in the files of the court, on the 28th of September, 1826---since the commencement of the present action.

This evidence being objected to, was rejected by the court, and the jury returned a verdict of guilty against the defendants.

The defendants excepted to the decision of the county court rejecting this evidence; and the case now came before this Court, on a motion for a new trial, founded on the exceptions.

*S. Cushman,* in support of the motion, insisted,

1.   That the officer was entitled to his fees, notwithstanding the party had received and receipted on the execution the damages and costs of suit previous to the levy---that the right to the fees vested in the officer on the receipt of the execution :--- and he cited the *Statute, p.* 316, 208-9---*Hildrith* vs. *Ellis,* 1 *Caines' Rep.* 192.

2.   That the sheriff might amend his return, and this although out of office, and though more than six years had expired, and after a writ of error brought.---8 *Mass. Rep.* 240.--- 11 *Ib.* 413, 481.---1 *Pick. Rep.* 461.

3.   That, though the officer might be liable, the party could not, for he is not answerable for the acts of the sheriff beyond the authority of his precept.---9 *Johns. Rep.* 117.

*I. Fletcher,* contra.

The opinion of the Court was pronounced by

PRENTISS, J.   The court below decided, and instructed the jury, that the record of the judgment, execution, and officer's return thereon, which was produced and read in evidence on the trial, was no justification of the taking of the ox sued for, and directed the jury to return a verdict for the plaintiff. The case comes here on exceptions filed to the direction thus given to the jury; and the question to be decided is, whether the direction was right.

The execution was dated Feb. 22d, 1819, and was returnable within sixty days from the date; and it appeared that it was returned into the clerk's office July 10th, 1820, with a return of the officer endorsed thereon, dated July 10th, 1819, in which he certified that he took the ox by virtue of the execution, and, having advertised according to law, sold the same. It is quite obvious, that the return thus made could be no justification to the defendants. It was dated July 10th, 1819, which was long after the execution had expired; and as the

Essex,
March,
1828.

Barnard
vs.
Stevens
et. al.

execution could not be executed after the return day, the act of seizing the ox upon it, after that day, was unauthorized and tortious. If, indeed, the officer had begun to execute the writ before the return day, he might have completed it after. But it did not appear from the return, that he seized the ox within the life of the execution; but rather the reverse appeared, that he took the ox long after the execution had expired. If, in truth, the levy was made before the return day, though the sale was after, it should have been so certified by the officer.

But on the execution was endorsed a further and additional return of the officer, dated April 19th, 1820, in which he certified, that on the 19th day of April, 1819, he repaired to the dwelling-house of the debtor, and demanded of him the sum of $16,55, for his fees on the execution for travel and poundage, and the debtor refusing to pay the same, he seized the ox, advertised, &c. and on the 10th day of July, 1819, sold the same. This return was made and endorsed on the execution by the officer, not only after the present action was commenced against him, but more than six years after the execution was returned into the clerk's office, and without any order or permission from the court. But it is insisted, on the part of the defendant, that an officer has a right to amend his return at any time; and the cases of *Adams* vs. *Robinson*, 1 *Pick. Rep.* 461, and *Thatcher* vs. *Miller*, 11 *Mass.* 413, are relied upon in support of the position. In the first mentioned case, it was held, that an officer, who had returned a writ served by him, with a memorandum on it of the time and mode of service merely, but without any signature, might afterwards be permitted, though out of office, to amend and complete his return from his minutes on the writ. In the other case referred to, it was held, that the officer might have permission to amend his return, although more than six years had elapsed since the service, and although the defendant had sued out a writ of error to reverse the judgment. But it was subsequently determined in the same case, 13 *Mass.* 270, that it would be improper to suffer an officer, so long after the service of the writ, to amend his return, by inserting an essential fact, the omission of which might render him liable to an action for damages. The latter decision is founded in good sense, and is directly in point. The additional return on the execution in the case before us, was made not only more than six years after the return of the execution into the clerk's office, but after the commencement of the present action, and contained a new and essential fact, which went to defeat the action, by showing that the ox was taken before the return day of the execution. It is undoubtedly true, as a general rule, that an officer may be permitted to amend his return, at the term of the court to which the process is returnable, or, indeed, at any subsequent term, provided the rights of third persons will not be affected by it, and there is something on the record by which the amendment or correction can be made. But it would be extremely dangerous to permit an officer to do this, by the insertion of a fact, like

*Essex,*
March,
1827.

Barnard
*vs.*
Stevens
et. al:

the one contained in the amendment in the present case, after the lapse of more than six years, and after an action has been instituted against him. It is further to be observed, that in all the cases cited, where amendments have been allowed, they were made by the order or permission of the court; and it is certain that they cannot be otherwise made. After a process is returned, the officer cannot alter or amend his return without leave of court. On application to the court, they will allow the amendment or not; and if allowed, it will be on such terms as they think proper to impose. The additional or amended return in this case, was not authorized by any order or permission from the court; and on this ground, as well as the other, it could not be regarded as of any validity.

But if the objections already mentioned could be got over, and the return were to be taken as regularly amended, and as evidence of the additional facts stated, it would not avail the defendants. It appeared that on the 3d of April, 1819, the damages and costs contained in the execution were fully paid, and satisfaction was acknowledged by endorsements on the execution, signed by the creditor. The return stated, that the ox was seized on the 19th of April after, and was taken and sold to satisfy the officer's fees for travel and poundage. By the statute, fees for travel are allowed "for the *service* of every writ," and poundage "for *levying* each execution." (*Comp. Stat. p.* 300.) If an officer levy under an execution, he will be entitled to fees for poundage as well as travel, though the parties compromise before he proceeds to a sale. Such was the decision in *Alchin* vs. *Wells*, 5 *T. Rep.* 470; and, without doubt, the same doctrine would obtain under our statute. But in the present case, the execution was paid to the creditor before any service or levy was made, and it so appeared by endorsements on the execution. At the time of the levy, there was nothing due the creditor, nor were any fees due the officer, for he had done no act to earn any; and the execution being fully satisfied, there was nothing for which a levy could be made. In *Shattuck* vs. *Woods*, 1 *Pick. Rep.* 170, it was determined, that when an officer received an execution which he did not execute, he was entitled to no compensation; that his fees were for *service*, and then they were to come out of the debtor; but the debtor could not be charged, unless his person or property was taken, or unless he paid the money upon the execution to the officer. The reasonableness as well as justice of this doctrine is quite obvious; and the execution in the present case having been paid to the creditor before the officer had served or begun to levy it, he had no claim against the plaintiff for fees, and consequently the taking of the ox under it was unauthorized and illegal.

It was urged in the argument, that admitting that the officer might be liable, yet that the other defendants were not answerable for his unauthorized act. It is true, that for the irregularity of an officer in executing a valid process, or for any acts of his, beyond the authority which the process confers, the party

suing it out is not responsible, unless the officer acts under his orders or direction. But as no question of this kind appears to have been made at the trial, and the exceptions state, generally, that the taking of the ox was proved, without applying the fact to the officer, in exclusion of the other defendants, it must be taken, that the jury found, either that the officer acted under the orders of the other defendants, or that they were actually concerned in the taking, and, considered either way, they were equally trespassers with him. In every view of the case, we are of opinion, that the direction given to the jury was right, and that the judgment of the county court must be affirmed.

Judgment affirmed.