## TIMOTHY JOSLYN v. THOMAS TRACY.

Whenever new matter is introduced in any of the pleadings in a suit, the plea should conclude with a verfiication.

Where the defendant, in an action of trespass, justifies the taking of the property by virtue of a rate bill and warrant, and the plaintiff replies a tender of the amount of the tax and interest, a rejoinder, that the defendant was entitled to and claimed travelling fees, in addition to the tax and interest, and that therefore the tender was insufficient, should conclude with a verification.

If the collector of a tax, after having demanded of a person named in his rate bill the amount of his tax, perform travel for the purpose of distraining property for the payment of such tax, he is entitled to his fees for such travel; and a tender, after such travel is performed, of the amount of the tax and interest is insufficient, if the collector claims his travel fees.

A sheriff, holding an execution for collection, is not obliged to receive the amount of the execution and interest, though tendered to him by the debtor before any levy is made, unless his fees are also offered to him. KELLOGG, J.

TRESPASS for taking a horse. The defendant pleaded the general issue, and also, in bar, that he was collector of taxes in the town of Morristown, and, as such, held a rate bill and warrant requiring him to collect a tax from the plaintiff of ninety-nine cents, that he repeatedly called on the plaintiff for the tax, and notified him when and where he would receive it, that, particularly, on the fourth day of March, 1844, he demanded payment of the defendant, at Brownington,—which the plaintiff refused,—that on the 7th of September, 1844, he again demanded the tax, at Brownington, with the interest and fees, and that, upon the plaintiff's refusing to pay the same, he afterwards distrained and sold the horse in question,—which was the trespass complained of. The plaintiff replied, that immediately upon the first application of the defendant to the plaintiff for the payment of the tax, to wit, at Brownington, on the 31st day of August, 1844, and before the defendant had proceeded to distrain the horse in question, he tendered to the defendant the full amount of the tax and interest, being one dollar and twenty-five cents, and that the defendant refused to receive the same. The defendant rejoined, admitting that the tender was made and refused, as averred in the replication, but alleged, that, the plaintiff having neglected and refused to pay the tax at the time and place appointed by the defendant, and hav-

72

ing repeatedly refused to pay the tax, the defendant, before the making of the tender, proceeded with his rate bill and warrant from Morristown to Brownington, where the plaintiff then resided, for the purpose of distraining the property of the plaintiff for the payment of the tax, that at the time the tender was made, he was at Brownington, and had called upon the plaintiff for the purpose of distraining his property for the payment of the tax, with the interest and costs, that he was then entitled to demand and receive of the plaintiff the sum of two dollars and four cents for his travel from Morristown to Brownington, and that therefore the tender was insufficient; and the rejoinder concluded with a verification. To this rejoinder the plaintiff demurred specially.

The county court, December Term, 1845,—ROYCE, J., presiding,—decided, that the rejoinder was sufficient, and rendered judgment for the defendant. Exceptions by plaintiff.

*J. L Edwards* and *S. B. Colby* for plaintiff.

1. The tender was sufficient. The defendant was not entitled to fees, until he had distrained. Rev. St. 476. A distress for taxes is in the nature of an execution. A sheriff's right to fees upon an execution accrues from a levy of the execution. *Barnard* v. *Stevens*, 2 Aik. 429. *Shattuck* v. *Woods*, 1 Pick. 170. A rate bill and warrant is not a returnable process; 5 Vt. 65; and it is difficult to see what mileage the defendant would be entitled to, other than for commitment; which, in this case, never accrued.

2. The rejoinder alleges matter inconsistent with the traversable allegations in the replication, and which forms no issue upon them, and should therefore traverse those allegations. The replication alleges, that immediately upon the first application of the defendant to the plaintiff for the payment of the tax, and before the defendant had proceeded to distrain, the plaintiff tendered to him the amount of the tax and interest. This is a material allegation, and is not denied by a common negative, nor is it traversed. It is evident, that, at this stage, the controversy was ready for an issue; and nothing could be gained by rejoining mere *repugnant affirmative* matter, which forms no issue. It is a well settled principle, that whenever any *material fact* is alleged in pleading, which, if denied, will, upon issue joined, decide the case, the adverse party, if he plead matter

inconsistent with and contrary to such allegation, must traverse it. Gould's Pl. 393. The omission of a traverse, when necessary to form an issue, is bad on general demurrer. Story's Pl. 341. 5 Mass. 125. 2 Mod. 60. Hob. 233. Yelv. 122.

3. The rejoinder is argumentative, denying the replication by inference, merely.

*L. P. Poland* for defendant.

1. The defendant contends, that in every case, where a person, after notice, refuses to pay his tax, the collector is entitled to the same fees as a sheriff, or constable, with an execution. This view is strongly supported by the case of *Hunter* v. *Le Conte*, 6 Cow. 728. And see *Henry* v. *Tilson*, 17 Vt. 479 ; Rev. St. c. 107, § 8.

2. It is objected to the rejoinder, that it ought to have concluded to the country. It seems to be a universal rule, that when new matter is contained in any pleading, it should conclude with a verification, in order to give the other party an opportunity to answer it. 1 Chit. Pl. 557. The fact, that, before the plaintiff made his tender, the defendant had actually made cost, which ought also to have been paid, had not been alleged in any precedent pleading, unless argumentatively and by mere inference, and therefore must be treated as new matter. This rejoinder is very analogous to the common replication to a plea of tender,—the issuing of a writ, or a writ with continuance, before the tender,—which always concludes with a verification. 1 Chit. Pl. 579, 582. 2 Ib. 1152.

The opinion of the court was delivered by

KELLOGG, J. Several questions have been presented for our consideration ; but it will only be necessary to examine one, as that will dispose of the case.

It has been urged, that the rejoinder is insufficient, inasmuch as it concludes with a verification, when it is insisted it should have concluded to the country. This exception, we think, is not well taken. The rejoinder introduces *new matter*, showing that the defendant was *entitled to* and *claimed travelling fees* in addition to the tax, and that consequently the tender was insufficient. It is a well settled rule of pleading, that, whenever the pleader introduces new matter in any of the pleadings, the plea should conclude with a verification. The rejoinder is therefore, in this particular, well

enough. Some other objections have been taken to the form of the rejoinder; but we do not think these formal exceptions can be sustained.

But the important question arising upon the rejoinder, and which is the principal matter of controversy between the parties, is, whether the defendant, under the circumstances set forth in the rejoinder, is entitled to travelling fees. If he was not entitled to charge and claim such fees of the plaintiff, then the rejoinder is no sufficient answer to the replication.

It is urged, that the law allows the collectors of taxes to tax the same fees as sheriffs for levying executions; and it is insisted, th at the right of sheriffs to charge fees upon executions arises upon the levy of the same, and that only, and that, as no distress was made by the defendant, he was not entitled to fees; and the case of *Barnard* v. *Stevens*, 2 Aik. 429, is relied upon, to support this position. That case only decides, " that if the amount of an execution be paid and satisfied to the party, and he endorse the same on the execution, after it is in the hands of the officer, but before he has made any levy thereof, the officer is not entitled to fees thereon." But suppose the amount of the execution had been paid or tendered to *the officer*, holding the execution, and before any levy was made, will it be pretended that he is not entitled to his fees? Is he bound to receive the money, and without any compensation? We know of no authority to sustain such a doctrine. The sheriff, in such a case, is unquestionably entitled to charge his fees to the execution debtor.

So in the case at bar, if the defendant had travelled from Morristown to Brownington for the purpose of making a distress for the non-payment of the plaintiff's tax, he having previously repeatedly called upon the plaintiff to pay the same, which he refused to do, as is alleged in the rejoinder, we entertain no doubt he was entitled to exact of the plaintiff his travelling fee, in addition to the tax. The plaintiff could not, after the defendant had performed the travel and was about to make the distress, by tendering the amount of the tax defeat the defendant's right to his fees. And inasmuch as the tax and the defendant's travel fee amounted to more than the sum tendered by the plaintiff, the tender was insufficient, and the rejoinder was *sufficient*. As this disposes of the case, it will be unnecessary to consider the remaining questions in the case.

The judgment of the county court is affirmed.