JAMES ROGERS *v.* THE TOWN OF FAIRFIELD.

*Attachment.  Constable.  Lien.  Subsequent attachment.  Return. Confession of Judgment.*

An attachment of hay and grain in the straw, by leaving a copy in the town clerk's office, in the return of which the only description of the property attached is, " *all the hay and grain in the town of F*," creates no lien upon the property.

In a suit against a town for the neglect of its constable in serving a writ by attaching property,which is subsequently attached by others, it is *held*, that it is not competent for the town to show in defence that the defendant in that process confessed judgment, without the consent of the subsequent attaching creditors, and that the plaintiff thereby lost his lien on the property and therefore has sustained no damage; nor that the judgment by confession was taken for more than was due, for the purpose of defrauding creditors.

*It seems* that a subsequent attachment of property must be made by the same officer who made the previous attachments, he is regarded as having the

legal possession and control of the property; this rule applies as well to an attachment made by leaving a copy of the writ in the town clerk's office, as when the officer takes the property into his actual custody.

ACTION ON THE CASE against the town of Fairfield for the neglect of its constable in not attaching certain property of one Patrick Rogers upon a writ in favor of James Rogers against the said Patrick, as directed by the plaintiff. Plea, the general issue and several pleas in bar. Trial by the court at the September Term, 1863, ALDIS, J., presiding.

It appeared upon the trial that the plaintiff delivered his writ against Patrick Rogers to the constable of Fairfield and directed him to attach certain hay and grain in the straw, and for the neglect to attach the same, this suit was brought.

The constable on the 7th of October, 1861, served said writ by leaving with the town clerk of Fairfield a copy of the writ with his return thereon, that he had attached on said writ " *all the hay and grain in the town of F,*" and made no other attachment of said property.

On the 8th of October, Soule, a deputy sheriff attached the same hay and grain on a writ in favor of J. D. Soule against Patrick Rogers. October 28, James Rogers took his writ from the constable and procured Patrick Rogers to confess judgment on the same before a justice of the peace.

At this time James Rogers had no knowledge of the defect in the service of his writ, or of Soule's attachment, except that some one had told him that Soule had attached the hay and grain. It also appeared that the plaintiff did not procure the consent of Soule, the subsequent attaching creditor, to the confession of judgment.

After the confession of judgment the plaintiff took out an execution and put the same into the hands of the constable, who by the plaintiff's direction levied the same on the hay and grain, and after due notice sold it at auction, and the plaintiff bid it off and converted it to his own use. Subsequently Soule, the deputy sheriff, sued the plaintiff for the hay and grain; the plaintiff notified the constable of the pendency of the suit and he neglecting to defend it, the plaintiff settled the same and paid it.

The defendant offered to show that the plaintiff was a son of

Patrick Rogers and that said judgment by confession, by collusion between the plaintiff and his father was taken for $200.00, more than was justly due and owing from Patrick to the plaintiff, and that this was done with the intent to defraud the creditors of Patrick.

The defendant also offered to show, and claimed, that under the foregoing facts the plaintiff had not in fact sustained any damage by the alleged defect in the attachment. The court excluded the evidence, and upon the foregoing facts rendered judgment *pro forma*, for the defendant, to which the plaintiff excepted.

*Dewey & Noble*, for the plaintiff.

The officer's return that he attached all the hay and grain in the town of Fairfield was clearly defective. *Paul* v. *Barton et al.*, 32 Vt. 148; *Putnam* v. *Clark*, 17 Vt. 87; 22 Vt. 324; 20 Vt. 261.

Subsequent attachments must be made by the same officer who makes the prior attachments. Drake on Attachment 267 and 291; *Burroughs* v. *Wright*, 16 Vt. 619; 19 Vt. 510; *Smith* v. *Church*, 27 Vt. 168. 28 Vt. 552.

The statute against fraudulent conveyances was made to protect creditors, and not to excuse officers from the performance of their duty.

*W. C. Wilson* and *Edson & Rand*, for the defendant, cited *Barney* v. *Weeks*, 4 Vt. 146; *Howes* v. *Spicer*, 23 Vt. 508; *Abbott* v. *Edgerton*, 30 Vt. 208; *McOrmsby* v. *Morris*, 29 Vt. 417; *Barrett* v. *Copeland*, 18 Vt. 67.

PIERPOINT, J. This is an action against the defendant for the neglect of the constable of the town in not attaching property upon the writ of the plaintiff against one Patrick Rogers, as directed by the plaintiff.

It appears that the plaintiff delivered a writ in his favor, against Patrick Rogers, to the constable of Fairfield, and directed him to attach thereon certain hay and grain in the straw,

belonging to said Patrick. The said constable attempted to attach such property by leaving a copy of said writ in the town clerk's office of the town of Fairfield, where the property was situated, with a return thereon that he had attached on said writ " all the hay and grain in the town of Fairfield." The case shows that he made no other attachment of this property. This clearly was not an attachment of the property, and created no lien whatever upon it. This principle was expressly decided in *Paul* v. *Burton et al.*, 32 Vt. 148, where the officer's return in the copy left in the town clerk's office, was in precisely the same form as that in this case. The doctrine established there must govern this.

But it is said the plaintiff cannot recover in this suit, for the reason that if the officer had made an attachment of the property, the lien created thereby, would have been postponed to the lien created by the subsequent attachment made by Soule, in consequence of the plaintiff's taking a judgment in his suit, by confession, without Soule's consent.

What might have been the result if the constable had made an attachment, it is impossible now to determine. A confession might have been taken or it might not. We think it is not competent for the constable, or the town now to say that if the attachment had been made, the plaintiff by taking a confession would have released it,—therefore he has sustained no damage by its not being made.

But again if the attachment had been made, the plaintiff would thereby have been placed in a position where he could have questioned the validity of Soule's attachment, and we are induced to think could have resisted it successfully, upon the ground that a subsequent attachment to be valid, must be made by the same officer who had made the prior one, and who is legally regarded as having the possession and control of the property; the same as though he had taken it into his actual possession, and that the same rule applies in this respect, when property is attached by leaving a copy in the town clerk's office, as where the officer takes the actual possession of it. But in consequence of the neglect of the constable to do his duty, the plaintiff could not raise the question. Soule's attachment was the first attachment,

and of course he held the property as against the plaintiff, and when the plaintiff was sued by Soule for taking and selling the property on his execution he had no defence.

The defendant offered to show that for the purpose of defrauding the creditors of Patrick Rogers, the plaintiff took a confession of judgment, for a larger amount than was actually due from Patrick to the plaintiff.

The court rejected the evidence and we think properly. The judgment is conclusive and binding between the parties, and can be enforced between them, and we think cannot be impeached in this collateral manner.

Judgment reversed and case remanded.