HON. ASA O. ALDIS,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

### B. F. CELLEY *v.* GEORGE GRAY.

*U. S. Revenue Stamp.   Award.*

No U. S. revenue stamp is required upon an award of arbitrators in order to make it valid.

DEBT upon an award. The court rendered judgment for the plaintiff upon the award, on an agreed statement of facts. The award and submission were given in evidence, in connection with the agreed statement of facts. The only objection made by the defendant against a recovery by the plaintiff was that a U. S. revenue stamp was requisite to the validity of the award, and that it was void for the reason that no such stamp was put upon it at the time of the making or publication of the award.

Celley *v*. Gray.

The court, at the March Term, 1864, PECK, J., presiding, decided that no stamp was required by the laws of congress upon the award, and rendered judgment for the plaintiff,—to which the defendant excepted.

*Peck & Colby*, for the defendant.

The stamp act being for the purposes of revenue, should be construed liberally.

The presumption is that all papers are required to be stamped.

An award should be considered within the stamp act if its language will admit of it.

Its language does admit of it.

1. It may be considered as a contract.

2. It may be considered an appraisal of damages.

3. It may be considered as a certificate.

The argument that it is a paper well known and hence the omission to name it specifically raises a presumption against it, cannot obtain.

1. Because many papers equally as well known are held to be within the law, though not specifically enumerated ; like assignments and bills of sale.

2. Because the first paragraph of schedule [B.] by its broad language was intended to cover all papers not specifically enumerated.

*Wing, Lund & Taylor*, for the plaintiff.

POLAND, Ch. J. The only question presented by the exceptions in this case is, whether by the internal revenue laws of the United States, an award of arbitrators is required to be stamped in order to its validity.

The principle established by the English courts, under the stamp acts of that country, " that the act is to be construed strictly, and is not to be extended by construction, beyond cases that come clearly within its terms," equally applies to our law.

The act does not name awards of arbitrators among those instruments required to be stamped.

The framers of the law aimed apparently as far as possible to name specifically all instruments required to be stamped, and if it was intended to include awards, it is singular they were not named,

They are instruments of so frequent occurrence, and of so important a character, and neither in legal or common language ever bearing any other name except that of awards, that it would be very singular they should be forgotten, or intended to be included under some general name or class.

It is claimed that they are included in some of the general descriptions of instruments requiring stamps—*agreements, or contracts, or certificates.* But it is a sufficient answer to say that an award of arbitrators is never described or spoken of as either the one or the other, and the terms are inappropriate to such an instrument.

An award is in a certain technical sense a contract, precisely the same as a judgment, but neither is ever so spoken of, either in common parlance, or in the language of legal proceedings.

The term contract or agreement, is ordinarily applied to such instruments only as are the result of negotiation or arrangement between parties.

An award is an adjudication, or determination between parties, though the tribunal is selected, and derives its powers from the submission, which is strictly a contract between the parties. Its character is more that of a judgment than a contract. It is equally conclusive between the parties, but requires to be enforced by action, by reason of the lack of power of such domestic tribunals to enforce it by process of execution.

It is apparent, we think, that the framers of the law intended to make the law analagous between ordinary law proceedings, and those of arbitrators.

A writ by which a suit is commenced, is required to be stamped, but no stamp is required upon the after proceedings by which the matter is brought to a final determination. No stamp is required on a verdict or a judgment.

So a stamp is required on an agreement or contract by which a controversy is submitted to arbitrators, but none upon the award which determines the controversy.

The term *certificate,* is less applicable to an award than the terms contract, or agreement. It is in no proper sense a certificate.

It is said that it may properly be called a certificate of appraisal of damages. But an award may be for damages, or it may not.

It is not a necessary part of an award, nor is it its usual principal purpose. The language properly applies to a wholly different class of instruments.

We are satisfied that the court below decided correctly in holding the award good without a stamp.

Judgment affirmed.