West River Bank *v.* Gorham.

---

## WEST RIVER BANK *v.* ELEAZER GORHAM, JR.

*Attachment.    Sheriff and Deputies.    Trespass.*

It has been repeatedly held in this state that an attempt to attach personal property by leaving a copy of the writ in the town clerk's office, with a return thereon describing the property as being all the property of its kind in the town, and nothing more, is wholly inoperative and creates no lien.

Also that when personal property has been attached by an officer, either by taking it into his actual possession, or by leaving a copy in the town clerk's office, no subsequent attachment can be legally made, of the same property, by another officer, while the first attachment remains in force; but the subsequent attachment, to be of any validity, must be made by the same officer who made the first. The rule in this respect is the same between a sheriff and his deputies, as between other officers.

Where a party gives an officer a writ to serve and directs him to attach certain property which the party at the time knows is then under attachment by another officer, it is not the duty of the officer receiving the writ to examine the records at the town clerk's office, to find out whether the property is already under attachment, and, if so, to put the writ into the hands of the officer for service, who made the previous attachment. The officer would have the right to suppose the property was subject to attachment, and if the party desired an examination of records, etc., he should have so directed.

Nor, in case the officer who made the subsequent attachment was the deputy of the officer who made the first attachment, would it be the duty of the sheriff, upon being informed by his deputy of the attachment he had made, to take the writ and serve it without direction from the plaintiff.

Where property is attached, it would be a trespass for another officer to put on another attachment and take possession of the same property, except sufficient to pay the debt secured by the first attachment, and he would not be bound to do it without express direction and indemnity.

ACTION ON THE CASE. The case was referred, and upon the referee's report, at the April Term, 1864, BARRETT, J. presiding, the

court, *pro forma*, rendered judgment for the defendant, to which the plaintiff excepted. The facts found by the referee are sufficiently stated in the opinion of the court. After the liens created ·by the attachments on the property ordered to be attached previous to the plaintiff's attachment, as referred to in the opinion, were satisfied there were several hundred dollars in value in said property remaining.

*Butler & Wheeler,* for the plaintiff.

*E. E. Kellogg, A. Stoddard* and *Charles N. Davenport,* for the defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action against the defendant, as sheriff of Windham county, in two counts. First, for neglect in not levying an execution upon a quantity of hemlock bark. Second, for the neglect of Wm. H. Carr, a deputy of the defendant, in neglecting to attach the same bark, on the original writ in the same case.

It appears from the report of the referee to whom this case was referred, that on the 4th day of January, 1861, the plaintiff had a note against John S. Parsons and Moses J. Bogle for 400 dollars ; that said Bogle was surety for Parsons, and on said day Bogle arranged with the Bank, that he might at his expense, and for his benefit, sue the note in the name of the Bank. Accordingly early in the morning of said January 4th, Bogle got a writ made on the note in the name of the Bank against said Parsons and himself, and placed it in the hands of said Carr deputy sheriff, with directions to serve it · by attaching all the bark and other property of Parsons in and about the tannery occupied by him, and requested him to use all possible expedition in making the attachment. The tannery referred to was situated in the town of Wilmington.

Carr took said writ and went immediately to Wilmington town clerk's office, and attempted to attach the said bark, and other property, by leaving in said clerk's office a copy of said writ, with a return thereon, dated said 4th day of January, 1861, in which he states that he attached on said writ " as the property of the within defendant all the hay, grain in the straw, saw logs, boards, hemlock bark, shingles, lime, hides in the process of tanning, cord wood, machinery used in the tannery occupied by said defendant in the town of Wilmington." It is insisted that by this proceeding Carr did not

effect a legal attachment of the bark, and did not create any lien thereon in favor of the Bank, for the reason that he did not describe with sufficient definiteness and precision the location of the property that he attempted to attach, so that its identity could be ascertained and fixed with a reasonable degree of certainty.

The officer in said return describes the machinery he attached as being that which is "used in the tannery occupied by said defendant," but by no fair construction can this description be extended, so as to inclue or refer to any of the property except the machinery, so that as to the other property its location or situation is not described, except as being in the town of Wilmington, and this is what the officer evidently intended, supposing doubtless that such a description was sufficient. This is shown by his return upon the original writ, wherein he has so described the location of the property as to render it impossible to raise a question in regard to it.

It has been repeatedly held in this state, that an attempt to attach personal property by leaving a copy of the writ in the town clerk's office, with a return thereon describing the property as being all the property of its kind in the town, and nothing more, is wholly inoperative. It does not amount to an attachment, and creates no lien. *Paul* v. *Burton*, 32 Vt. 148 ; *Rogers* v. *Fairfield*, 36 Vt. 641.

It is clear, therefore, that Carr, the deputy, failed to make an attachment of the bark, as directed by the plaintiff's agent, Bogle.

The question then arises, has the plaintiff sustained any damage in consequence of Carr's neglect to make a sufficient return on the copy kept in the town clerk's office?

The report shows that at the time Carr went to the town clerk's office to attach the bark, it had all been attached by other officers prior to his arrival there, and that those attachments were at the time existing upon the property. The "old bark" had been attached by one Boyd, as constable of Wilmington, on a writ in favor of E. & O. J. Gorham, and the "new bark" by the defendant, as sheriff, on several writs in favor of different parties.

The law is settled in this state by repeated decisions, that when personal property has been attached by an officer, either by taking it into his actual possession, or by leaving a copy in the town clerk's office, no subsequent attachment can be legally made of the same

property, by another officer, while the first attachment remains in force; but a subsequent attachment to be of any validity, must be made by the same officer who made the first.

The cases in which this principle has been recognized in this state are too numerous to require any particular reference to them here. The rule in this respect is the same between the sheriff and his deputies, as between other officers.

It is apparent then that no lien upon this bark would have been created by any attachment that Carr could have made upon the plaintiff's writ, hence the plaintiff has sustained no injury by reason of the insufficient return Carr made upon the copy he left with the town clerk.

It has been urged on the part of the plaintiff that when Carr got to the town clerk's office it was his duty to examine the records, and find out whether the bark was under attachment by other officers, and, if so, to put the plaintiff's writ into the hands of such officer and have him take the bark. This, we think. would be to require of him more than his legal duty under the circumstances of this case.

The plaintiff's agent specially directed Carr to attach the bark. Carr had no knowledge, and had no reason to suppose, that the bark was then under attachment; the plaintiff's agent had, but he did not tell Carr. It was the duty of the plaintiff's agent to ascertain whether the bark was subject to attachment by Carr, before he gave him the directions, and Carr had the right to suppose he had done so. If the agent wanted Carr to examine the records, and ascertain if the bark was under prior attachments, and, if so, to put the plaintiff's writ into the hands of the officer making such attachments for service, he should have given him such instructions. The fault, if any, in this respect was with the plaintiff's agent.

Again, it is said that when Carr told the defendant that he had attached the bark, as he did directly after leaving the town clerk's office, the defendant should have informed Carr that the bark was attached before by himself, and have taken the writ and served it by attaching the bark without any directions from the plaintiff. We are not prepared to say that the defendant was under any legal obligation to do so. It does not appear that he had any reason to suppose that the attachments he had put upon the bark were not suffi-

cient to absorb the value of the entire bark he had attached. Gorham could not have attached the bark that Boyd had attached, for the same reason that Carr could not. And Gorham did not know but what the plaintiff's writ had been, or would be, put into Boyd's hands and served by him. The sheriff is not legally bound to know all that is known by his deputies.

It is further claimed by the plaintiff that Carr should have attached and taken the possession of all the bark attached by Boyd except sufficient to pay the debt secured by that attachment; to have done so would have made him a trespasser, this clearly he was not bound to do without express directions and indemnity from the plaintiff.

Judgment affirmed.