SMITH & HANSCOMB v. ABEL T. HOWARD, APPELLANT.

*Judgment. Execution. Supreme Court. County Court. Bail. Clerk. Attorney.*

There is no doubt but the county court, within certain limits, has such power over its records and judgments as to warrant it in ordering them corrected, and, if necessary, for sufficient reasons, to order a case to be brought forward after final judgment, and vacate that judgment, and open the case for further proceedings. In such case, it is ordinarily so far a matter of discretion in the county court, that the supreme court will not revise such proceedings on exceptions.

At the next term of the court after a final judgment had been rendered in an action of assumpsit, upon motion of the plaintiffs and against the objection of the defendant, the old judgment was brought forward and a new judgment rendered for the same damages with interest on the damages for the intervening time, for the purpose of charging the bail, who had been discharged through failure of the clerk to issue an execution against the defendant's body. *Held,* that the vacating of the old judgment was erroneous.

The plaintiffs or their counsel desired the execution on the first judgment to run against the body of the defendant, but neglected to direct the clerk so to issue it, and the execution ran against the goods, etc., instead of against the body, and was returned *nulla bona. Held,* that if the plaintiffs were entitled to an execution against the body, they should have called for such; that it was not the fault of the clerk, that the execution did not run against the body. It being an action of general assumpsit, the plaintiffs were entitled *prima facie* only to such an execution as the clerk issued.

It is no part of the official duty of the clerk, to issue an execution, until it is called for by the party entitled to it.

JUDGMENT was rendered in this case at the May term, 1867, of the county court, and an execution issued July 15, 1867, against the goods, chattels and lands of the defendant, but not against his body. It was returned *nulla bona.*

At the December term of the court, the plaintiffs moved to have the suit brought forward and entered on the docket, and that the entry of judgment be stricken off, and the judgment vacated, and judgment be rendered at the December term for the plaintiffs on the report, and that they might have execution thereon in pursuance of the precept of the original writ. The motion was supported by the affidavit of George Tenney, attorney for the plaintiffs, which was found to be true, and was as follows, viz.:

" I, George Tenney, attorney for the plaintiffs in said case, hereby make affidavit, and say that, at the last May term of said court, judgment was rendered in favor of the plaintiffs and against the defendant, upon the report of John W. Loveland, J. D. Hosley and William S. Carter, who had been appointed referees, for the sum of five hundred fifty-three dollars fifty-five cents damages,.

and seventy-four dollars twenty-eight cents costs of suit, and that execution was issued thereon the 16th day of July, A. D. 1867.

" That, in and by the original writ in this case, the officer serving it was commanded, for want of goods, chattels or estate of said defendant to be found in his precinct, to arrest his body, and that on the 6th day of September, A. D. 1864, the defendant was arrested thereon by Asa T. Barron, an indifferent person therein named, and duly authorized to make service thereof, and that, being so arrested, one Abel Howard became his surety or bail, by indorsing his name as bail on the back of said writ.

" That said execution so issued, by an inadvertence or error of the clerk of said court who issued the same, did not contain any direction to the officer serving the same for the arrest of the body of the defendant, but only to attach or levy it upon his goods, chattels or lands. And that it was put into the hands of Lorenzo Richmond, sheriff of said county, an officer authorized by law to levy and serve the same, the 12th day of August, A. D. 1867, and within thirty days from the time of final judgment therein, to wit, July 13, 1867. And that the same was returned by said officer to the clerk of said court, within sixty days from the time of rendering said judgment, to wit, Sept. 7, 1867, with his return thereon that he had made diligent search for said Abel T. Howard, debtor, defendant, throughout his precinct, and could not find any goods, chattels or lands belonging to him whereon to satisfy said execution, and therefore returned it to the clerk of the court from whence it issued, in no way satisfied.

" And I do further say that I am informed, and believe, that said Abel T. Howard, defendant, is now, and has for several years past been, engaged in teaching in some school or academy in the state of New Jersey, and has no known goods, chattels or lands in this state, nor any interest therein. And I am also informed, in course of some negotiations had with the father and brother of said defendant for settlement since the defect in said execution became known to them, that the defendant had his affairs so fixed that no levy or collection could be made against him there, and that he could entirely avoid payment of this judgment by keeping out of this state, which he would do.

" And further, that, presuming said execution to have been issued in proper form, I had never examined it with reference to its being so, and had no knowledge of it till informed by the officer after its final return to the court.

" By reason of said clerical error in the form of said execution, by which the plaintiffs seem to be without other remedy for recovery of the amount of their said judgment, I, therefore,

at this term of said court, enter a motion to bring forward said case between said parties, that it be entered upon the docket of this term, and that such order may be made therein as to justice, right and equity may appertain.

GEORGE TENNEY, Attorney for Plaintiffs."

This affidavit was duly sworn to.

The court, BARRETT, J., presiding, granted the motion, vacated the judgment rendered at the May term, and gave judgment for the plaintiffs for the same damages as at the May term, adding thereto interest from July, 1867, and for the same costs; to which the defendant excepted.

*Norman Paul*, for the defendant.

Courts have no right, either by law or equity, to erase and blot out their judgments, or to obliterate them, and say they shall be held for naught and new entries of the same judgment made, at a future term of the court; especially when third parties, sustaining the ancillary relation of bail or surety to the plaintiff and liable to respond to the judgment, are affected by such a proceeding. *Fletcher* v. *Pratt et al.*, 4 Vt., 182; *Brainard and Newton* v. *Burton and Withey*, 5 Vt., 97; *Orvis* v. *Isle La Motte*, 12 Vt., 195.

A judgment is final when the party in whose favor it is rendered, takes out an execution or is entitled to an execution, and courts have no right to fix a time when a judgment shall become final, other than the term at which it was rendered. Gen. Sts., ch. 33, § 95; *Day* v. *Lamb*, 7 Vt., 426; *White River Bank* v. *Downer et al.*, 29 Vt., 332; *Paul* v. *Burton et al.*, 32 Vt., 148; *Hoar* v. *Jail Commissioners*, 2 Vt., 402; *Strong* v. *Edgerton*, 22 Vt., 249.

The clerk is not bound to issue an execution against the body, in cases founded on contract, where the defendant is arrested on an affidavit, unless specially directed by the plaintiff or his counsel to do so, and if he fails to do so, it can not be assigned as error.

The *ex parte* affidavit of Tenney should not be received.

*George Tenney*, for the plaintiffs.

Smith & Hanscomb v. Howard.

The opinion of the court was delivered by

PECK, J.   The plaintiffs recovered final judgment in the county court at the May term, 1867, in an action of general assumpsit. At the December term, 1867, on motion of the plaintiffs and against objection by the adverse party, the county court, under an order to that effect, brought forward the case, vacated the judgment, and rendered judgment for the same damages and costs as in the former judgment, adding thereto interest on the damages in the mean time.   To this whole proceeding at the December term, 1867, the defendant excepts.

The motion of the plaintiffs was granted by the county court, solely on the facts set forth in the affidavit of the attorney of the plaintiffs in the suit, which affidavit is made part of the exceptions. The only ground for the motion set forth in the affidavit, is that the original writ issued against the body of the defendant; that the defendant procured bail upon the writ; that, by inadvertence or error of the clerk, the execution issued only against the goods,, chattels and estate of the defendant, and that, within thirty days after the rendering of the judgment, it was delivered to a. proper· officer to serve, who, within sixty days from the rendering of the judgment, duly returned the same with his return of *non est inventus* thereon ; that the attorney, presuming the execution to have issued in proper form, never examined it, and had no knowledge to the contrary, till informed by the officer after its final return. There is no doubt but the county court, within certain limits, has such power over its records and judgments as to warrant the court in ordering them corrected, and, if necessary, for sufficient reasons,. to order a case to be brought forward after final judgment, and vacate that judgment, and open the case for further proceedings. In such case, it is ordinarily so far a matter of discretion in the county court, that this court will not revise such proceedings on exceptions.   But the question in this case, is whether the cause alleged and the purpose in view bring the case within the scope of the power and discretion of that court, so as to be beyond the power of this court to revise their doings on exceptions.   We think not.   The original judgment of the county court was in all respects regular and correct, as to both the proceedings of the court,,

and the doings of the clerk in making up the judgment in pursuance of the decision of the court. The only object and the avowed purpose of bringing the case forward and having another judgment rendered, at a subsequent term, were to charge the bail on the writ ; a remedy which the party had lost, or, rather, which they had failed to acquire, by reason of their neglect to comply with the statutory requirements to perfect it. By reason of such neglect, the bail was discharged by the provisions of the statute. It may be said that it was an error of the clerk, and that the court ought, therefore, to relieve the plaintiffs from the consequences of such error. But it is not a mistake in the judgment, but in the subsequent process founded on the judgment. But we do not regard it as so much the error, or mistake, of the clerk, as of the party or their counsel. It is no part of the official duty of the clerk to issue an execution, till it is called for by the party entitled to it. And when called for in this case, it was the duty of counsel to call for an execution against the body, if he was entitled to it and desired such execution. It was an action of general assumpsit, and *prima facie* the plaintiffs were entitled only to such an execution as the clerk issued. In this form of action, it is only upon the ground that a proper affidavit was filed with the authority signing the writ, or on issuing the execution, that the plaintiff can claim that he is entitled to an execution against the body. Whether the affidavit filed on issuing the writ, entitled the plaintiffs to an execution against the body, we need not decide. If a county court writ is signed by a justice of the peace, the affidavit never comes into the county court ; so the clerk has no means of knowing whether one was filed or not. Whether the writ was signed by the clerk or not, in this case, the exceptions do not show, and a copy of the writ has not been furnished us. This, however, is immaterial, for even if it was signed by the clerk, if the plaintiffs desired an execution against the body of the defendant, it was their duty to call for such execution. At least, they are no less in fault than the clerk, even if any fault is attributable to the clerk. If such a proceeding as this can be had to charge bail when once discharged, it may be resorted to to charge a sheriff, when the debtor was committed on the original writ, and the sheriff has allowed the debtor

to depart, as he would be obliged to, after the time has expired within which the debtor must be taken in execution by statute; or to revive lost liens upon property attached, after the officer has let it go back into the hands of the debtor. So, too, this proceeding might be resorted to to defeat the rights of subsequent attaching or levying creditors. In this case the effect may be to charge the bail, when, had a proper execution issued seasonably against the debtor, the bail might have discharged himself by surrendering up the principal. The mischief of such proceedings might be incalculable.

In *Allen's administrator* v. *Thrall*, in Rutland county, two or three years since, there was property attached on the original writ, the plaintiff died pending the suit, the administrator entered and prosecuted the suit and recovered judgment, took out an execution and delivered it to a proper officer within the thirty days, and the officer did what is required in such cases to charge the property attached, and duly returned the execution unsatisfied. It was then discovered that the execution was taken out in the name only of the original plaintiff, not mentioning the administrator, and the judgment was described in the execution as if the original plaintiff had been still alive. The county court, on motion of the plaintiff, at the subsequent term, granted leave to have the execution amended by the clerk; and on exceptions the supreme court held it was error, on the ground, mainly, that otherwise it might charge the officer or his bailees, who were already discharged by reason of the defect in the execution. That case was decided after two elaborate arguments (the last being at the general term), and a review of all the leading authorities in England and in this country. The principle of that case is decisive of this, although the relief in this case is sought in a different mode. The motion in this case ought to have been denied on the very ground on which the plaintiffs prayed to have it granted, that is, the charging of the bail.

Judgment reversed, and case remanded.