### A. P. POND *v.* JOHN CAMPBELL, LUTHER BAKER, W. H. STILES, AND GEORGE WILKINS.*

*Amendment of Return by Officer after Judgment has been Rendered. Assignee. Evidence. Practice. Gen. St. 633, s. 38 ; Gen. St. c. 15 s. 36.*

1. The County Court has the power to order a cause, in which a judgment had been rendered at a former term, to be brought forward on to the docket, and allow the sheriff to amend his return as to the attachment of property ; and this is so, although the defendant subsequently to the attachment had made a voluntary assignment for the benefit of his creditors, and the assignees claimed to hold the property as against the officer, and an action of trover was pending in his favor against them for conversion of the said property ; but they had not turned the property or its proceeds over to the creditors.

2. The Court could not allow an amendment, when it would injuriously affect the rights of *bona-fide* purchasers without notice, or attaching creditors; but the assignee of a bankrupt takes the estate subject to all existing equities.

3. The sufficiency of the amended return is not determinable under the motion to dismiss.

4. The officer's affidavit and the certified copy of the record of the writ and return left in the town clerk's office were admissible as evidence on the hearing of the petition.

*Heard, August Term, 1883.

Pond v. Campbell et al.

PETITION by a sheriff to have a cause brought forward on to the docket, and to be allowed to amend his return. Heard by the court on motion to dismiss, April Term, 1884, POWERS, J., presiding. The court overruled the motion to dismiss the petition, and adjudged that the petitioner be allowed to amend his return. The petition was brought to the April Term, 1883. It appeared that the writ in the original suit was served the 29th day of November, 1878; that judgment was rendered in said suit, December Term, 1881. The petition alleged:

"And your petitioner further shows that his return on the original writ in the above mentioned suit is defective, in that it does not show that the copy, lodged in the town clerk's office at Montgomery, in the county of Franklin, had his, said Pond's, return endorsed thereon, or that the copy, left with the lessee, G. M. Campbell, in whose possession the property was found, as appears in said return, had his said Pond's return endorsed thereon, whereas in truth and fact, there was a full and complete return on both of said copies, and duly attested by the said Pond as deputy sheriff aforesaid."

See a copy of the return in 55 Vt. R. 401.

*H. S. Royce*, for the defendants.

The *ex-parte* affidavit and the copy of the record in the town clerk's office were not admissible. *Davis* v. *Maynard*, 9 Mass. 246; *Farrington* v. *Loring*, 7 Mass. 391; *Bank* v. *Downer*, 29 Vt. 338; *Harvey* v. *Wait*, 17 Pick. 198; *Metcalf* v. *Gillett*, 5 Conn. 404.

Where the sheriff is a party, or where the rights of third persons have intervened, the amendment will not be allowed. Drake Att. 204, 219; *Avery* v. *Bowman*, 39 N. H. 393; 9 Pick. 167; 3 Pick. 445; *Fletcher* v. *Miller*, 13 Mass. 270; *Smith* v. *Smith*, 24 Me. 555; *Libby* v. *Copp*, 3 N. H. 46.

The assignee is invested with a valid title unless fraud in fact be shown. *More* v. *Smith*, 35 Vt. 444; *Vail* v. *Peck*, 27 Vt. 764; *Hanford* v. *Paine*, 32 Vt. 442; *Hall* v. *Denison*, 17 Vt. 310.

*Edson, Cross & Start,* for the petitioner.

The decision of the County Court is not open for revision. R. L. s. 906; *Avery* v. *Bowman,* 39 N. H. 393; 3 Pet. 12; 10 Conn. 459; 19 Vt. 564; 26 Vt. 449; 41 Vt. 77. The defendants, Stiles and Baker, are not *bona-fide* purchasers; but mere volunteers. They take the interest of Campbell. *Palmer* v. *Thayer,* 28 Conn. 237; 1 Wait Act. Def. 364; Burr. Assign. 438.


The opinion of the court was delivered by

ROYCE, Ch. J. This was a petition to bring forward a case on to the docket of the County Court, and for leave for the petitioner who served the writ to amend his return. The contention has been as to the right of the court to allow the amendment of the return to be made, and the legal sufficiency of the proof upon which it was allowed.

The right of a court to allow an amendment to be made of its records has been recognized in this State ever since the decision of *Barnard* v. *Stevens,* 2 Aik. 429.

The exercise of the right has been generally regarded as discretionary, and, being a matter of discretion, not revisable.

In *Carpenter* v. *Gookin,* 2 Vt. 495, Judge PRENTISS says, that the granting of an amendment, when within the discretion of the court, though their discretion may be improperly exercised, is not subject to revision on exceptions. But if an amendment is granted in a case when the court have no power to grant it, the error may be corrected on a removal of a cause here. That rule has been ever since adhered to; and in all the subsequent reported cases, where the court have granted relief against the action of the County Court in ordering an amendment of its records, it has been upon the ground that the court had no *legal right* to allow it.

Where the rights of third parties, as *bona-fide* purchasers without notice, or as attaching creditors, have intervened between the return of the writ and the allowance of an amendment, that injuriously affects their rights, it is not one that the court has dis-

-cretionary power to grant; and the action of the court in order-ing it, may be revised upon exceptions. This is substantially what was held in *Smith & Hanscomb* v. *Howard*, 41 Vt. 74, and in *Bent* v. *Bent*, 43 Vt. 42.

It appears that the petitioners, Stiles and Baker, were the only parties that resisted the motion in the County Court, and excepted to the ruling there made. It also appears, by the exceptions and copy of assignment, that they on the 16th day of August, 1879, took an assignment of all the property, real and personal, of John Campbell (the defendant in the suit brought forward) for the benefit of his creditors.

The return, made by the petitioner on the writ in favor of *Wilkins* v. *Campbell*, has been adjudged, in a suit brought by the petitioner against Stiles and Baker to recover for the conversion of the property attached by him, to be insufficient; and hence the necessity for the allowance of the amendment prayed for. It further appears by the stipulation, which is made a part of the exceptions, that Stiles and Baker have not distri-buted the property or the proceeds thereof, that was received by the assignment, among Campbell' screditors, nor paid, nor obligated themselves to pay the $100, mentioned in the assignment. Upon the relation of the parties to each other and to the property at-tached and assigned thus shown, it is to be determined, whether the the court had the legal right to order the amendment to be made. Stiles and Baker claim title to the property as assignees, and for the purposes specified in the assignment. They have no personal interest in the property, and hold it or its proceeds to respond to any judgment that may be rendered against them for its conversion; so that it is difficult to see any pecuniary interest that they have in the matter that can be injuriously affected by the allowance of the amendment. It is true, that they stand as the representatives of the creditors named in the assign-ment; but as such representatives, they are not entitled to all the rights that are accorded to attaching creditors.

The amendment could be legally made as against the debtor named in the writ; and we think it might be made as against

his voluntary assignees. The assignees stand in the place of the debtor for the purpose of settling his estate. The court has found that there was such an attachment made by the petitioner as the amended return indicates. By a valid attachment an equitable lien is acquired upon the property attached.

The assignee of a bankrupt takes the estate of the bankrupt as the bankrupt himself held it, subject to all the existing equities. 2 Story Eq. ss. 1228, 1229 ; *Mitchel* v. *Winslow*, 2 Story R. 638.

*In the matter of Howe*, 1 *Paige*, 128, it was said by Chancellor WALWORTH, that it was a well settled rule in equity that the assignee of a bankrupt takes his estate subject to every equitable claim which exists against it by third persons, and that the assignee cannot avail himself of the legal estate thus acquired to defeat a prior equity of which he had no notice at the time of the assignment. *Palmer, Trustee,* v. *Thayer & Prentice,* 28 Conn. 237, was an action of trover brought by the plaintiff as trustee of one Ford, an insolvent debtor, to recover for property claimed to belong to the insolvent's estate. The defendant Thayer attached the property in question as constable, on a writ in favor of the defendant Prentice against Ford, on the 2d day of Dec., 1856; but in making his return stated that the attachment was made on the 2d day of January, 1857. On the 25th day of February, 1857, Ford made a general assignment in insolvency to the plaintiff as trustee. Judgment was obtained by default in the suit of Prentice against Ford in January, 1857. Under the insolvent law of Connecticut at that time, the effect of such an assignment as was made by Ford, dissolved all attachments of the property of the debtor, made within sixty days preceding, and vested the property free from attachments in the trustee. The defendant Thayer went out of office on the 1st day of October, 1857. At the August Term 1858, and while the action of Palmer was pending, the defendant Thayer moved for leave to amend his return, so that it would show the true time when the attachment was made ; and the leave was granted.

The effect of the amendment, if allowable, would be to defeat

the plaintiff in the pending suit; for if the attachment was shown to have been made on the 2d day of December, 1856, it was not dissolved by the assignment. An elaborate opinion was delivered by Judge ELLSWORTH, in which the law of the subject was carefully and ably considered; and the general right of courts to allow amendments of that character was maintained; and the judgment allowing the amendment to be made was affirmed.

The sufficiency of the return, as amended, to create a valid lien is not determinable under the motion, and no opinion is expressed upon that question.

Objection was made to the admission of the affidavit of the petitioner, and the copy of the writ, and returns thereon, as evidence. Upon the question of the admissibility of the affidavit, it is sufficient to say, that it is. said in *Mosseaux* v. *Brigham*, 19 Vt. 457, that the proceeding is usually on motion, founded on affidavits and notice, and the power is exercised in a summary manner.

In *Smith & Hanscomb* v. *Howard*, 41 Vt. 74, a motion to amend a record was supported by the affidavits of the attorney, and no question was made as to its admissibility. The certified copy of the writ and return left by the petitioner for record was admissible. By sec. 38 of chap. 33 of the General Statutes, town clerks were required to make a record of such writs and the returns thereon. And it is prescribed by sec. 36 of chap. 15, that properly certified copies of such records, as town clerks are required to make, may be used in any court in this State.

There was no error in the trial or judgment, and the judgment is affirmed.