## NATHAN KENISTON v. D. C. STEVENS.

### JANUARY TERM, 1894.

*Attachment. Description of property attached. Taking*
*in execution. Title of plaintiff.*

1. A description of the property sought to be attached as " six
   cows, five of said cows are the same bought of Byron
   Davis, of Greensboro, and one bought of McClary, of
   Greensboro," creates no lien in favor of the officer, where
   the attachment is by leaving a copy in the town clerk's of-
   fice, and no possession of the property is taken.

2. An execution cannot be levied after the return day.

3. Although the execution was seasonably placed in the hands of
   the officer, and he advertised the property for sale upon the
   same, that would create no lien in his favor, he having ob-
   tained none in virtue of the original attachment, and not
   having taken the property into his possession upon the
   execution or lodged a copy in the town clerk's office.

4. In an action of replevin the plaintiff must make out his title
   affirmatively and cannot resort to defects in the title of the
   defendant. *Held*, that in this case the plaintiff's evidence
   tended to show title in him.

Replevin. Plea, the general issue with notice that the
defendant claimed the property under an attachment made
by him as constable. Trial by jury at the February term,

1893, Orleans county, Ross, C. J., presiding. The court directed a verdict for the defendant. The plaintiff excepts.

*J. P. Lamson* and *Dickerman & Young* for the defendant.

The defendant's return on the original attachment was defective and he did not take possession under his execution until March 8, when he knew the plaintiff's claim. *Cheaver* v. *Meyer*, 53 Vt. 66; *Green* v. *Kelley*, 64 Vt. 309.

*J. W. Erwin* for the defendant.

TYLER, J. Replevin of four cows: plea and notice that the defendant was constable of Derby and took the property upon an execution in favor of one *Conway* v. *A. J. Bedell.*

It appeared on the trial in the court below that on October 13, 1890, Bedell purchased these cows and other live stock of B. O. Davis, and gave him his promissory note therefor for ninety dollars, payable as follows: forty-five dollars March 1, 1891, and forty-five dollars October 13, 1891, with interest. He also gave him a lien on the stock which was duly recorded, and the stock was placed upon a farm which Bedell occupied with his wife. The plaintiff's evidence tended to show that Mrs. Bedell held a bond from the plaintiff for a deed of the farm, and that she and her father had the entire management and control of it; that when the first payment fell due on the note Bedell was unable to meet it and it was agreed that Davis should retake the stock in payment of the note; that subsequently Mrs. Bedell and her father induced the plaintiff to purchase the cows of Davis for Mrs. Bedell; that he did so and agreed to sell them to her; that they remained on the farm until taken by the defendant on execution, but that Mrs. Bedell never paid for them.

A question was made whether there was such a change of

possession of the cows from Bedell to the plaintiff that Bedell's interest in them, if he had any above the amount of the note, was not liable to be attached. That question is immaterial in the view which we take of the attempted attachment.

It appeared that the judgment in the suit of *Conway* v. *Bedell* was rendered November 24, 1891; that execution was taken and placed in the defendant's hands December 23, and that February 20, 1892, the defendant advertised the cows to be sold on the execution on March 8. He did not lodge a copy of the execution in the town clerk's office as the statute provides may be done.

In order to maintain this suit the plaintiff must have had title to the cows with the right of possession at the time of the replevy. He could not rely upon defects in the service of the writ and the levy of the execution. His testimony tended to show that he had before that time bought the cows and paid for them; that he paid forty-five dollars March 1, 1891, when he bought them of Davis, and the remainder of the purchase price early in March, 1892. The testimony was conflicting whether he took up the lien note at the time of the first or the last payment, but no evidence tended to show that it was later than the last payment.

It must be held that the defendant acquired no lien by his attempted attachment on the writ. His return is as follows:

"At Greensboro in said county on this 30th day of October, A. D. 1891, I served this writ on the within named defendant, Andrew Bedell, by attaching as his property six cows, five of said cows are the same bought of Byron Davis of Greensboro, and one bought of McClary of Greensboro, and on the same day I made further service of this writ by leaving at the town clerk's office of Greensboro aforesaid with the town clerk therein a true and attested copy of this writ with a list and description of the property attached and my return hereon thereon endorsed, and on the same day, at Greensboro aforesaid, I made further service of this writ by delivering to the within named defendant, Andrew Be-

dell, a true and attested copy of this writ with a list and description of the property attached and my return hereon thereon endorsed, and on the same day I paid the town clerk his fees for recording said copy."

It was held in *Paul* v. *Burton*, 32 Vt. 148, that an attempt to attach personal property by leaving a copy of the writ in the town clerk's office where the return thereon describes the property as being all of its kind " in the town," was wholly inoperative as an attachment, and created no lien. *Rogers* v. *Fairfield*, 36 Vt. 641; *West River Bank* v. *Gorham*, 38 Vt. 649. This return does not describe the property sought to be attached as situated upon any farm or in any place, or in any person's possession. It does not even say, except inferentially, that it was in the town of Greensboro. That the return must give a locality to the property attached is recognized in *Barron* v. *Smith*, 63 Vt. 121.

The execution was seasonably placed in the defendant's hands to have constituted a taking of the property in execution if he had had a lien upon it by a prior attachment. As he had not, it constituted no taking in execution. Advertising it on February 20 to be sold on execution March 8 was not the beginning of a levy and created no lien upon the property, the defendant not then taking it into his possession. It cannot be held that he then had constructive possession, the attachment on the writ being invalid. It appears that he did not see the cows or know which ones they were until March 8, when, after continuing the sale, he went to Bedell's, and then, for the first time, took them into his possession and drove them to the village. This must be held to have been the first taking in execution and it was after the expiration of the life of the execution. The case is not within the rule in *Barnard* v. *Stearns*, 2 Aik. 429, that a sale and return on the execution may be made

after the return day, when the levy is made before. The execution cannot be levied after the return day.

It was held in *Carpenter* v. *Estate of Snell*, 37 Vt. 256, that to charge a receiptor it was necessary that the property should be demanded of him within the life of the execution. *Celley* v. *Gray*, 37 Vt. 138.

On the 7th of March plaintiff informed the defendant of his title and forbade his sale of the property on execution. The defendant took the cows March 8, and held them without lawful process. This appears by his own testimony. On the other hand the plaintiff's evidence *tended* to show that *he* then had title and a right of possession. There was error in the court directing a verdict for the defendant.

*Judgment reversed and cause remanded.*